*102 OPINION of the Court, by
Judge Owsley.
Aa-ron Burr, the 19th day ofDecember 1806, at Frankfort, Kentucky, drew a bill of exchange on George M. Ogden, Esq. merchant at New-Jfork, requesting him, at one hundred and twenty days sight, to pay Charles Lynoh, Esq. or ord»r, seven hundred dollars, value received, &c. The bill was endorsed by Lynch to Ral-ston, by Ralston to Sebastian, by Sebastian to Lawrence, the plaintiff. It was protested for non acceptance the 26ih of January 1807, and for non payment on the 29th of May 1807. Payment being withheld, Lawrence brought an action of assumpsit against Ralston, to recover the amount against him as endorser. The declaration is in the usual form : non assumpsit was pleaded, and issue joined thereupon. On the trial Lawrence produced in evidence the bill of exchange with the several endorsements thereon, together with the protest regularly authenticated. He also proved by a witness that Ralston, after the drawing of the bilí* and before it could have been sent to New-York and returned, descended the Ohio and Mississippi rivers, and before he returned the bill was protested and put into the hands of the witness in Jefferson county, who in convenient time after Ralston’s return to his place of residence in Louisville, Kentucky, informed him he held the bill ; that It was protested, and requested to know of him whether he would make payment; that Ralston replied it wás a hard case, that he had never received any consideration for endorsing it, but that when he became able he would make payment and take up the bill, and requested the. witness to indulge him, which the witness accordingly did. It was also proven the bill was not endorsed to Lawrence when the conversation aforesaid was had with Ralston.
The court, on the motion of Ralston, instructed the jury to find a verdict, for the defendant : a verdict was accordingly found for him. Lawrence then moved the court for a new trial, hut his motion was overruled, and a judgment awarded on the verdict of the jury ; from which judgment this writ of error has been prosecuted.
The first question that demands consideration is, whether the circuit court decided correctly in instruct- *103 >ng the jury to find for the defendant ? The decision of this question involves an inquiry into the liability of Ralston as endorser. His liability must be deduced either under the act of 1798 concerning bills of exchange, or under the law before the passage of that act. That Lawrence has not brought his case within the provisions of the act, there can exist no doubt. Notice in zvr¡t¡ng is an indispensable requisite to be proven, wherever the proceedings are against an endorser under the act: no such notice having been given in this case, the provi-sicns of the act cannot govern it. If, however, Lawrence has done every thing necessary to make Ralston liable, according to the rules of law before the passage of the act, he must succeed in his action : for although he has not complied with the provisions of the act, that can only affect his right to recover interest and damages, &c. ; but it does not operate as an entire discharge to the assignor.
In considering Ralston’s liability, independent of the act of 1798, it will be proper to inquire- — ! st, Whether due diligence is provento have been used by the holder of the bill ? And 2d, What effect the subsequent promise of Ralston has on the case ?
Every endorser of a bill impliedly undertakes that it will be accepted upon presentment to the person upon whom it is drawn, and paid when it becomes due, if presented in proper time for that purpose ; and in default of acceptance or payment, he is liable to the en-dorsee or holder, on due diligence being exercised on his part. But whether the bill be inland or foreign, to make the endorser liable he should have notice of its nonacceptance, if it is payable after date or at a certain time after sight, in reasonable time, unless under particular circumstances such notice is made unnecessary : and if notice is not given in such cases where it is necessary, in reasonable and convenient time, the endorser is discharged from his liability. As the giving notice in those cases where it is required is essential to the right against an endorser, it necessarily results proof Should be made of its having been given in convenient time. What is reasonable and covenient time, although a question hitherto much controverted, must in a great measure depend on the circumstances attendant on •%ch particular case. If, however, no notice was given *104 Ralston, until the time mentioned by the witness in this? cause, it is believed no case can be found where a notice given after such a length of time and under such circumstances has been adjudged Sufficient. Nor can the circumstance of Ralston’s absence from his residence afford an apology for the negligence. Personal notice to Ralston was not indispensable ; had it beeft transmitted by post from New-York, where acceptance was reiused, nothing more could have been required. To have done this, it was not necessary that Ralston should have been at home ; and if notice might have been given in the absence of Ralston, it evidently results his absence affords no excuse tor the failure.
We think, therefore, the fa lure to give notice to Ralston until the time mentioned in evidence, discharged him from his liability as endorser, and consequently the plaintiff’s action cannot be maintained against him, unless his snbst quent promise to p ¡y the bill forms a sufficient cause of action. We think K promise made under such .circumstances, not being founded on any valid consideration, induces no legal obligation, and cannot therefore form a sufficient cause of action. It is not, however,'denied but that a promise to pay a bill -bv an endorser, unless accompanied by circumstances repelling the presumption, is an implied admission of due nolice having been given. Such an implication, however, cannot arise in the present instance ¿ but from the evidence of the plaintiff, as detailed in his bill of exceptions, the contrary presumption manifestly arises. Admitting, therefore, the existence of every fact which, the evidence given in this cause eonduced to prove, Ralston is clearly not. liable to the plaintiff’s action. If we are correct in this position, it becomes unnecessary to inquire whether the court decided correctly in admitting an inquiry into the consideration of the endorsements : for if the plaintiff shewed no cause of action, he has no reason to complain even should the court have committed an error against him. Besides, it is evident from the record that no prejudice could result to the plaintiff from the inquiry being permitted.
Upon the whole, we think the judgment must be affirmed with costs.