AGAN *against* M'MANUS.

*A., on the 31st of July, 1811, made a note payable to B., or order, on demand, who endorsed it to C. In April, 181., the maker absconded. C. having frequently demanded payment of the maker, without effect, in March, 1812, left the note with B., who was an attorney to collect the money; and after A. had absconded, B. offered C. to take up the note, and give him another payable in one year; but the offer was not accepted by C. A and C. lived in the same place, and within 10 miles of B. It was held that the leaving of the note with B. by C. was not equivalent to a notice of non-payment; nor was the offer of B. to give C. another note, such a promise to pay as would make B. liable on that ground, the offer not having been accepted; nor was it a waiver of notice of non-payment.*

THIS was an action of *assumpsit*, on a promissory note, dated *July* 31, 1811, made by *Hiram Clowes*, payable on demand, with interest, to the defendant, or order, and by him endorsed to the plaintiff. The cause was tried at the *Rensselaer* circuit, in 1813, before the *Chief Justice*.

*Clowes*, the maker, absconded the 29th of *April*, 1812. The defendant was indebted to him, and had no effects in his hands from the time the note was given, to the time he went away. On the 17th of *March*, 1812, the plaintiff left the note with the defendant, who is an attorney of this court, and desired him to obtain the money of the maker. The defendant immediately afterwards called on the maker and demanded payment, and the maker said he could not pay the note. After *Clowes* had absconded, the defendant told the plaintiff that he would take up this note, and give another payable in a year; but the plaintiff required an endorser on the new note, which was not given.

It was proved that after the note was left with the defendant, and after *Clowes* had absconded, the plaintiff stated to the defendant that he had called upon the maker for the payment (before he left the note with the defendant) until he was tired, and wished the defendant to obtain the money from *Clowes*.

The plaintiff and *Clowes* lived in the same town, and within 10 miles of the defendant.

The *Chief Justice*, on this evidence, directed the plaintiff to be called, and he was nonsuited, with leave to move the court to set aside the nonsuit, and grant a new trial.

The cause was submitted to the court, without argument.

THOMPSON, Ch. J. delivered the opinion of the court. The motion to set aside the nonsuit must be denied. There was no notice of a demand of payment from the maker; nor was there any promise by the defendant to pay the note, or other circum-stances rendering such notice unnecessary. The note is dated

The doctrine as to waiver of notice of the dishonour of bills of exchange does not apply to promissory notes. Notice, in the ordinary course of business, can be dispensed with only where the insolvency of the maker is known at the time of the endorsement.

the 31st of *July*, 1811. At what time it was endorsed by the defendant does not appear. It is, however, necessarily to be inferred from the case, that it was some time previous to the 17th of *March*, 1812: for on that day the note was left with the defendant, by the plaintiff, for the purpose of obtaining payment from the maker; and it appeared that, some time previous to that day, the plaintiff had called on the maker for payment. It is evident, therefore, that when the note was left with the defendant, it was not intended as a notice of non-payment, or a demand of payment from the endorser; for it was left, as is stated, for the purpose of obtaining the money from the maker.

There was no promise of payment by the defendant sufficient to charge him on that ground. There is no doubt that if an endorser of a note, who has not had regular notice of non-payment by the maker, does, with full knowledge of the fact, make a subsequent promise to pay, it is a waiver of the want of due notice, and he may be made liable for the payment. (5 *Johns. Rep.* 248.) But if such promise be a qualified or conditional one, and rejected by the holder of the note, it is no waiver, according to the decision of this court, in the case of *Crain* v. *Colwell.* (8 *Johns. Rep.* 384.) The promise or offer of the defendant to take up this note, and give his own payable in one year, was a promise of that description; and having been rejected by the plaintiff, was not binding upon the defendant.

The objection that the defendant had no funds in the hands of *Clowes*, the maker, and could, therefore, sustain no damage, by not having received notice of non-payment, cannot apply to this case. The consideration for this note must be taken to have been received by the maker, and he is the person who ought in justice to pay it, and is bound ultimately to make it good.

Where the money raised upon the note is received by the endorser, as where the note is discounted for his accommodation, and he is the person who is ultimately to pay it, notice of non-payment by the maker may not be necessary.

There is no evidence that *Clowes* was insolvent when he made the note, or when it was endorsed by the defendant. The plaintiff must, therefore, be considered as taking it in the ordinary course of business, with an understanding of all the legal consequences attached to the endorsement; that the undertaking of the endorser was conditional, that the holder was

NEW-YORK,  bound to demand payment from the maker, and give reasonable
May, 1814.  notice of non-payment, before he could call upon the endorser.

UNION BANK      The doctrine applicable to waiver of notice of the dishonour
v.        of bills of exchange, does not apply to promissory notes; and
CLOSSEY.   it seems now to be settled, in *England*, that if such notice in the
ordinary course of business can be dispensed with in any case,
it is only where the insolvency of the maker was known at the
time of the endorsement.  (2 *Caines' Rep.* 343.   4 *Cranch*, 141.
2 *H. Bl.* 609.)

Motion denied.