Judge Owsley
delivered the opinion of the court.
On the 30th of July, 1814, Williamson, at Lexington, drew a bill of exchange requiring Messrs. Neil and Hurly, merchants at Philadelphia, to pay John W. Hunt, sixty days after sight, twenty-five hundred dollars.
The bill was afterwards, by Hunt, assigned to James and David M’Coun, and by them assigned to John W. Tilford, and by him assigned to Crisson.
Upon-the bill being presented to Neil and Hurly, it was accepted by them, but payment being refused, it was regularly protested for non-payment; whereupon this suit was *455 brought in the circuit court against the drawer, acceptors, and the endorsers, M’Couns and Hunt, but without joining Tilford, the other endorser, in the action.
Bvlhejaw 0f ¿erchants as wet} as the common law, severa¡ ' ac. t.ioiis vs. the drawer,^en-cep^ 0f ¿ protested bill of exchange.
Tof K^ms^y (2 Lit tot,) gives a. joint aftKU'Vle bills only, leaving (as to er '[⅛ 0f bills as they stood at conn AW'
In the casé of a foreign bill, the srat, does not re-< s'rain the' holder from bringing several actions gainst the drawer, &c. but if. he chooses to depart from the ccmraon law fie mast pursue tlie star, anti u-uite all concerned.
*455 Whether, therefore, the action, in its present form, can be sustained, is the first enquiry to which the attention of this court will be directed.
There is no doubt but, according to the lex mcrcatoria, that each of the endorsers, as well as the drawer and ac-céptor, are liable to the action of the holder of the bill; but ás their liability is not produced from a joint, but from ase-veml undertaking, it is plain that, upon common law principles, the action should conform to the undertaking; and as in this respect the lex mercatoria recognises and pursues the rules of the common law, it follows, that unless autho-rised by statute, the action cannot, in its present form, be sustained.
We are, however, unable to find any statute which, in our Opinion, ought to be construed to alter the doctrine of the eommon law upon the subject.
By the second section of the act of February, 1798, concerning bills ot exchange, (2 Lit. 101,) it is true, a joint action is given against the drawers and endorsers of foreign bills; but, as by the same act, the legislature-have clearly discriminated between foreign bills and those drawn by persons residing in one stale, upon others residing in an other of the United States, it is plain the present action, as it is founded upon a bill of the latter cannot be controlled by the provisions of that section. But if it were, still as in order to conform to the act, the action should be joint against all, if would be irregular, as appears to have been the case in the present instance, to sue part of the endorsers only.
We would not, however, be understood as deciding that, by the section alluded to, the holder of a foreign bill is deprived of any remedy to which he might, upon the principles of the common law, have resorted; but as at common law the action should be several upon the respective liabilities, so nowr, since the passage of the act, it must either be several, as at common law, or joint against all, as directed by the statute, and consequently to unite several parties, in the same action, who are under separate and distinct liabilities, ivithout joining all, against whom the act directs it to be brought, must be irregular.
But with respect to the action, upon the bill now in ques *456 Tion, the act alluded to appears to have produced no change in the doctrine of the common latv.
Pope for plaintiff, Wickliffe contra,
Holies of protest sent by a notary public and by mall to an endorser, is suf-iicient notice to such endorser of the protest.
Bv the fifth section of the act cited, it is true, the drawer of a hill upon any person within the United States, and all others concerned, are, upon the bill being returned unpaid, compellable to pay its contents, With legal interest thereon, together with ten per centum damages and cost. But from the phraseologv of the section, it is obvious the legislature cannot have intended to alter the mode of action by which the holder of the bill should seek relief, but designed barely to regulate the amount which, in the legitimate form of action, might be recovered.
As in the present case, therefore, several persons are joined, who, if liable, must be made so upon their separate and respective undertakings, the action cannot be sustained, and consequently the court below should have sustained the demurrer of the appellees to the appellant’s declaration.
But as that court overruled the demurrer, and rendered judgment against the appellant upon the verdict of the. jury found upon the trial of an issue taken to the plea of won-assumpsit, it is proper we should moreover enquire whether the instructions of the court, under which the verdict was obtained, can be sustained?
Those instructions involve the enquiry, whether or not the notice given to Hunt, one of the appellees, is sufficient to maintain the appellant’s action.
The circumstance of the notice having been transmitted by mail from Philadelphia when payment was refused, as was decided in the case of Lawrence against Ralston, 3 Bibb, 102, certainly affords no objection to it.
And although it appears to have been sent by the notary public, and may be admitted to be very informal, yet as it purports a notification to Hunt, of the bill, on account of non-payment, having been delivered for protest, we apprehend, no other notice, as to Hunt, ought to have been required in order to subject him to the appellant’s action.
The court below, therefore, erred in instructing the jury that the notice was insufficient, and the judgment must consequently be reversed with cost, and the cause remanded to that court; but as the action cannot be sustained against all the appellees upon their several undertakings, judgment must be then rendered against the appellant upon the de - murrer.