## Case No. 9,172.

### MARTIN v. WINSLOW.

[2 Mason, 241.][1]

Circuit Court, D. Rhode Island. June Term, 1821.

NOTES—INDORSER—DEMAND—DELAY—NEW PROMISE.

1. In a suit by an indorsee against an indorser of a note payable on demand, the plaintiff must

[1] [Reported by William P. Mason, Esq.]

shew that the demand was made within a reasonable time on the maker for payment, otherwise the indorser is discharged. A delay for seven months to demand payment, unaccompanied by any circumstances accounting for such delay, is an unreasonable delay.

[Cited in Emerson v. Crocker, 5 N. H. 164; Sylvester v. Crapo, 32 Mass. (15 Pick.) 93; Poorman v. Mills, 39 Cal. 352.]

2. A promise by an indorser to pay a note, after being discharged by neglect of due notice, is not binding, unless made with a knowledge of all the material facts.

[Cited in Farrington v. Brown, 7 N. H. 274; Edwards v. Tandy, 36 N. H. 544; Spann v. Baltzell, 1 Fla. 301; Turnbull v. Maddux, 68 Md. 588, 13 Atl. 335.]

Assumpsit by indorsee against indorser on a promissory note given by Lewis Rousmaniere to the defendant [Andrew Winslow], on 4th September, 1819, for $1,129.76, payable on demand, at the New-England Commercial Bank in Newport. On the trial upon the general issue, it was admitted by the plaintiff [William Martin] that the note never was lodged at the Commercial Bank, and that no demand was ever made for payment upon Mr. Rousmaniere personally in his life time. It further appeared, that Mr. Rousmaniere died suddenly on the 6th of May, 1820. After his death, a demand was made upon his administrators as soon as could be, and notice of non-payment, Rousmaniere having died insolvent, was immediately given to the defendant, and payment demanded of him. The defendant said he had indorsed the note, and had received the notice, and being then insolvent, he said he had no objection to its coming in with his other debts. It did not appear, whether at the time of this conversation the defendant had any knowledge, that payment had never been demanded of the maker in his life time, or that the note had never been lodged at the bank. The present note was a renewal of a note originally given for the same sum, payable in nine months, which was indorsed by the defendant for the accommodation of Rousmaniere, and was delivered by the latter to the plaintiff for the purchase money of a vessel bought by Rousmaniere of the plaintiff.

Hazard & Hunter, for defendant, contended: (1) That demand of payment was not made of the maker within a reasonable time. It ought to have been made in his life time, and within a reasonable time after the note was indorsed. (2) That as it did not appear, that the defendant knew of the omission to lodge the note in the bank, or to demand payment in the maker's life time, the promise, such as it was, was not binding, being made in ignorance of the facts.

Pierce & Pitman, for plaintiff, argued e contra on both points.

STORY, Circuit Justice (charging jury). I have no hesitation in saying, that a note payable on demand must be demanded within a reasonable time, otherwise the indorser is discharged. What shall constitute a reasonable time is not a matter of absolute certainty, as to which a definite rule can be laid down. It must depend on circumstances. But unless there be circumstances in the case, which account for the delay, a neglect to demand payment of such a note for more than seven months is an unreasonable delay, and discharges the indorser. If the fact of such delay for such a length of time appear naked of all circumstances, it is a discharge of the indorser. And the onus to establish any justification or excuse for such delay lies on the plaintiff. It makes no difference in the case, that the indorsement was in lieu of a former security between the same parties, or was for the accommodation of the maker, unless the indorser assented to the delay. It will be for the jury to decide, whether there are any circumstances in this case, from which an assent to this delay can be inferred.

Then, as to the second point, a promise to pay with a full knowledge of all the facts, is binding upon the indorser, although he might otherwise be discharged. But if he promise in ignorance of material facts affecting his rights, it is not a waiver of those rights. The question then is, whether the indorser in this case had such knowledge. It may be inferred from the connexion between the parties, their near relationship, and the deep interest, which the defendant had in this particular case to ascertain, after the death of the maker, his own responsibility as indorser. It may also be inferred from the language used by him on this occasion. He did not object to the delay, though he knew the length of time, which had elapsed since the note was given. As no objection of this sort was made, it leads to the presumption, either that the indorser understood originally, that the note was to lie unpaid for a period at least as long, or that under all the circumstances he did not deem it an unreasonable delay. He had no ground to presume, that any demand of payment was made of the maker in his life time, and the fact, that the first known demand was on the administrators, and the first notice given to him after that demand, would strongly lead him to the conclusion, that there had been no prior demand. And in fact no prior demand was made. But as these are mere presumptions of fact arising from circumstances, the jury will give them what weight they think them entitled to.

The jury gave no verdict, having disagreed; and a new trial was had at June term, 1822, upon additional evidence, and a verdict returned for the defendant.

[NOTE. For another action against Winslow as indorser upon another of Rousmaniere's notes, see Thatcher v. Winslow, Case No. 13,863.]