## STEPHEN OTIS *vs.* REUBEN HUSSEY.

In an action by the indorsee against the indorser of a promissory note, the plaintiff must shew, that he has used due diligence to find the maker, and to demand payment of him, although informed by the indorser, when he received the note, that the maker was a transient person, without any known place of abode.
And a promise to pay, made by the indorser, will not be a waiver of the consequences of a want of demand in such a case ; unless it be shewn affirmatively, that the indorser knew, that no demand had been made, when he made the promise.

Assumpsit upon a promissory note for $15, made by one *Stephen Henderson*, payable to the defendant, or order, on demand, with interest, and by the defendant indorsed.

The cause was tried here, at February term, 1825, upon the general issue ; when it appeared in evidence, that the defendant indorsed the note in blank and delivered it to one *Warren*, who passed it to the plaintiff, for a valuable consideration. It also appeared, that the maker was a transient person, having no particular place of abode.

The only evidence, that any demand had been made of the maker, or that any inquiry had been made for him, either by the plaintiff or *Warren*, was, that when the plaintiff received the note, he inquired of *Warren*, where *Henderson* lived, and was told, that *H.* was a transient person, and his place of abode unknown.

It further appeared in evidence, that after the plaintiff received the note, he called upon the defendant for payment ; and the defendant, ignorant that no demand had been made of the maker, promised to pay the note.

The court instructed the jury, that the inquiry, which the plaintiff made of *Warren*, was not in law such diligence as entitled the plaintiff to recover, without an actual de-

mand of the maker, and that the promise of the defendant was not under the circumstances a waiver of the want of demand upon the maker.

The jury returned a verdict for the defendant ; and the plaintiff moved for a new trial, on the ground, that the jury had been misdirected.

*D. Barker*, for the plaintiff.

*J. Ham*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is extremely well settled, that, in general, no action can be maintained by an endorsee, against the endorser of a promissory note, without a demand of the maker. But in same cases the law receives evidence of a diligent inquiry for the maker, without success, as an excuse for the want of a demand. 12 *East* 433, *Bateman vs. Joseph.*

In this case there was no direct evidence shewing any diligence on the part of the plaintiff to find the maker, except the inquiries he made, when he received the note ; and those inquiries are clearly insufficient evidence of themselves to shew such diligence, as will excuse the want of a demand. 1 *Pick.* 413, *Shed vs. Prett.*

It is also well settled, that a promise to pay, made by the endorser, with a full knowledge, that no demand has been made of the maker, is a waiver of the consequences of the want of demand. *Chitt. on bills* 172.—12 *Mass. Rep.* 52, *Hopkins vs. Leswell.*—5 *Johns.* 248, *Duryee vs. Dennison.*

But, to give this effect to a promise, it must appear and be shown affirmatively and clearly, that the promise was made with a full knowledge, that no demand had been made. 1 *Cowen* 397, *Sice vs. Cunningham.*—16 *Johns.* 152, *Trimble vs. Thorn.*—12 *Johns.* 423, *Griffin vs. Goff.*—8 *Johns.* 384, *Craine vs. Colwell.*

We are aware, that it has been held in England, that a promise to pay is, in these cases, to be left to a jury, as evidence of a demand. 7 *East* 231, *Lundie vs. Robertson.* In an old commercial country, like England, where a great portion of the business has long been transacted by means of negotiable paper, and where most of those, who deal in such paper, must be presumed to be acquainted with the law in re-

Otis
*vs.*
Hussey.

lation to it, it may be proper to leave it to a jury to infer a demand of the maker from a promise of the endorser to pay. But in this state, where negotiable paper has a very limited circulation, there is no ground, on which such an inference from that fact can rest ; and we are of opinion, that the rule adopted in New-York is the true one. It must be shown affirmatively, that the defendant had notice, when he made the promise, that no demand had been made, and that there had been no attempt to make one. As this was not done in this case, there must be

*Judgment on the verdict.*