## David Sylvester *versus* Abiel Crapo.

In an action by the indorsee against the maker of a promissory note payable on demand with interest, and indorsed to the plaintiff more than eleven months after its date, it was *held*, that it was over-due at the time of its indorsement; and, therefore, that the declarations of the payee made whilst he was the holder, were admissible, for the purpose of proving that it was obtained from the maker by fraud.

Assumpsit on a promissory note for the sum of $160·64, dated March 14, 1826, payable on demand, with interest, to Isaac Little or his order, and indorsed by him in blank. Plea, the general issue.

At the trial, before *Putnam* J., it was proved by the defendant, that on February 28, 1827, there was no indorsement on the note, and that it was then held by Little.

The defendant then offered to prove by the confessions of Little to Peter Crapo, a witness, made while the note was held by Little, that the note was obtained by fraud, and was therefore void. The plaintiff objected to this evidence, and it was ruled to be inadmissible.

The defendant was thereupon defaulted. If this evidence was rightly rejected, judgment was to be entered upon the default; otherwise a new trial was to be granted.

*Oct 23d.*　　*W. Baylies* and *L. Williams*, for the defendant. The note was clearly over-due when it was indorsed. Chitty on Bills, 166 ; 3 Kent's Comm. 61 ; *Field* v. *Nickerson*, 13 Mass. R. 131 ; *Thompson* v. *Hale*, 6 Pick. 259 ; *Emerson* v. *Crocker*, 5 N. Hamp. R. 159. As the note was over-due, the plaintiff received it subject to every defence that existed in favor of the maker before it was indorsed ; and consequently the same

evidence is admissible, as if the action were in the name of Little.  2 Stark. on Evid. 292 ; Chitty on Bills, 166, 168 ; Bayley on Bills, (Phillips & Sewall's 2d ed.) 139; *Brown* v. *Davies*, 3 T. R. 80 ; *Ayer* v. *Hutchins*, 4 Mass. R. 370 ; *Thurston* v. *M'Kown*, 6 Mass. R. 428 ; *Peabody* v. *Peters*, 5 Pick. 1 ; *Stockbridge* v. *Damon*, 5 Pick. 223 ; *Sargent* v. *Southgate*, 5 Pick. 312.  The declarations of Little were admissible in evidence, he being the holder of the note at the time when they were made.  Roscoe on Evid. 168 ; 1 Stark. on Evid. 50 ; *Pocock* v. *Billings*, Ryan & Moody, 127 ; S. C. 2 Bingh. 269 ; 9 Dane's Abr. 302.

*Warren* and *A. Bassett*, for the plaintiff, cited *Barough* v. *White*, 4 Barn. & Cressw. 325.

SHAW C. J. drew up the opinion of the Court.  The law is well settled, that where an indorsee takes a negotiable security, with actual or constructive notice, that it was obtained by fraud, or would be subject to any other legal defence, in a suit commenced thereon by the payee, he takes it subject to every such defence, in any suit brought in his own name.  It has also been long held, that if the security is over-due and dishonored, at the time of the indorsement, this circumstance proves such legal constructive notice, and lets in the promisor to any defence which he could make against the promisee.

In this commonwealth it has been determined in a series of cases, and is now the settled rule of practice, that a promissory note payable on demand, is payable within a reasonable time ; that after the lapse of such reasonable time, it is to be deemed over-due and dishonored ; and that what is reasonable time is a question of law upon the facts proved.  And it has been repeatedly decided, that in a much shorter period than eleven months, such a note will be deemed in law over-due. *Field* v. *Nickerson*, 13 Mass. R. 131 ; *Thompson* v. *Hale*, 6 Pick. 259 ; *Martin* v. *Winslow*, 2 Mason, 241.

The defendant then was entitled to make this defence in this cause, and the question is, whether he could avail himself of the admissions of Little, the promisee, made whilst he was the holder, and which would have been competent had the action been brought by the promisee.  We think this evidence

*Sylvester v. Crapo.*

*April term 1834, at Taunton*

was admissible, on the principle that they were admissions in re-
lation to the title to property which he then held.   *Pocock* v.
*Billings*, Ryan & Moody, 127 ; *S. C.* 2 Bingh. 269 ; *Barough*
v. *White*, 4 Barn. & Cressw. 325 ; *S. C.* 6 Dowl. & Ryl. 379.
This decision on the principal point, is entirely reconcilable
with that of *Barough* v. *White*, and is supported by it, although
the evidence was in that case rejected.   This proceeded on the
ground, that in England a promissory note payable on demand,
is not over-due or deemed dishonored, by lapse of time, nor
till an actual demand made.   Such a species of security is
probably rare in England, and is regarded as a continuing
security until the holder shall see fit to render it due by a de-
mand.   Here it has long been in use, and the rules applicable
to it have been firmly fixed.   The Court are therefore of
opinion, that the admissions made by Little, whilst he was the
holder of the note, were admissible evidence.

*New trial granted.*