## Ebenezer T. Farrington and al. *vs.* Daniel Brown.

WHERE there has been no demand of payment of the maker of a note, or notice given of non-payment, the endorser is not holden on a subsequent promise in writing to pay the same, unless it be clearly shown that the promise was made with a full knowledge that there had been no demand and notice.

THIS was assumpsit against the defendant, as endorser of a note, dated April 1st, 1828, for $88 32, against one Jonathan Brown, drawn payable to the defendant, or his order, in sixty days and grace, and by him endorsed.

The writ contained two counts. The first count was in the usual form, against the defendant as endorser of the note, and alleged demand and notice.

The second count alleged that the defendant, on the 15th of July, 1828, in consideration that the plaintiffs would forbear, and give day of payment to the promissor on said note, promised the plaintiffs to pay said note; and the plaintiffs averred that they did give such forbearance and day of payment.

To sustain these counts, the plaintiffs offered in evidence

Farrington et a.
          *vs.*
    Brown.

the note referred to, and a writing addressed to the plaintiffs' counsel, of which the following is a copy.

"PORTSMOUTH, JULY 15th, 1828.    I hereby hold myself 'accountable for the payment of a note signed by Jonathan 'Brown, payable to me, and endorsed by me, dated April 1st, '1828, payable in sixty days, for $88 32, now in your hands 'for collection.                    DANIEL BROWN."

The plaintiffs offered no other evidence in support of their claim.

The defendant contended that the above evidence furnished no proof of a demand of payment upon the maker, and that if the memorandum offered in evidence as aforesaid was to be considered as a waiver of a demand of payment upon the maker, it was incumbent upon the plaintiffs to prove in addition affirmatively, that the promise was made with a full knowledge that no such demand had been made.

The court instructed the jury, that the said memorandum was evidence of a waiver of demand of payment of the maker of the note, and that it was not incumbent on the plaintiffs to show that it had been given with a knowledge on the part of the defendant that no such demand had been made.

The jury, by direction of the court, returned a verdict for the plaintiffs ; and the defendant moved that the same be set aside for misdirection ; and the case was referred and assigned for the consideration of this court, on the evidence and directions as above stated.

*James Bartlett*, for the plaintiffs.

*C. B. Goodrich*, for the defendant.

UPHAM, J., delivered the opinion of the court.    The endorser of a note becomes liable for its payment after due demand is made upon the maker of the note, and seasonable notice is given to the endorser of its non-payment.    But if

these measures are not taken to fix the liability of the en- <span style="float:right">Farrington et a.<br>*vs.*<br>Brown.</span>
dorser, he becomes fully exonerated, as much as if his name
had never been upon the note.

There are cases where the endorser of a note is liable
without demand and notice, as where the money raised upon
the note is received by the endorser, and he is the person
ultimately liable to pay ; where he has been indemnified by
security ; and, in case of the drawer of a bill, where he has
no effects in the hands of the drawee. *Agan* vs. *McManus,*
11 *Johns.* 180 ; *Mead* vs. *Small,* 2 *Greenleaf,* 207 ; *Free-
man* vs. *Boynton,* 7 *Mass.* 483 ; *Rogers* vs. *Stephens,* 2 *D.
& E.* 713 ; *Legge* vs. *Thorpe,* 12 *East,* 171 ; *Hoffman* vs.
*Smith,* 1 *Cain. Rep.* 157.

And where, before a note falls due, the endorser agrees to
pay it, in consideration of forbearance, or time to be given
him, this is a sufficient consideration, and renders a demand
and notice unnecessary. *Bayley on Bills,* 192 ; *Norton* vs.
*Lewis,* 2 *Con. Rep.* 478. But these are exceptions to the
general rule.

In this case, there is nothing to excuse the want of de-
mand and notice, or to show that forbearance and giving day
of payment to the principal was the consideration of the
new promise set up by the plaintiffs. The only ground on
which the plaintiffs can sustain their action is, that the pro-
mise of payment made by the defendant in his letter of the
15th of July, 1828, to the plaintiffs' attorney, is evidence of
a due demand and notice.

There are authorities which go to sustain the position that
a promise, like the one made in this case, is evidence of a
demand and notice. *Sidford* vs. *Chambers,* 1 *Stark.* 326 ;
*Hosford* vs. *Wilson,* 1 *Taunt.* 12 ; *Gibbon* vs. *Coggon,* 2
*Camp.* 188 ; *Taylor* vs. *Jones, do.* 105 ; *Greenway* vs.
*Hindley,* 4 *Camp.* 52 ; *and Wood* vs. *Brown,* 1 *Stark.* 217.

In *Lundie* vs. *Robertson,* 7 *East,* 231, Lord Ellenborough
said it was to be presumed, prima facie, from the promise to
pay, that the bill had been presented in time ; that due no-

tice had been given; that no objection could be made to payment; that every thing had been rightly done, and that this superseded the necessity of ordinary proof. There are also authorities in 13 *East*, 417, and 15*th East*, 275, to the same point.

On the other hand, the more modern authorities, and the American decisions generally, sustain a different position.

In *Hopkins* vs. *Liswell*, 12 *Mass*. 52, it is said that a promise of the endorser, to be binding, must be made with a knowledge of the circumstances which operate to discharge him. And in *Trimble* vs. *Thorne*, 16 *Johns*. 152, Chief Justice Spencer says it must be shown by the plaintiff, affirmatively and clearly, that the defendant knew when he made the subsequent promise that he had not received regular notice; and the same doctrine is holden by Justice Story, in *Martin* vs. *Winslow*, 2 *Mason*, 241.

It was also decided, in 7 *Mass. R*. 408, *Garland* vs. *Salem Bank*, where money was paid by an endorser, on supposition of a demand and notice, when none had been given, that an action lay to recover the money back. See also *Miller* vs. *Hackley*, 5 *Johns*. 375; *Duryee* vs. *Denison, ditto* 248; *Donaldson* vs. *Means*, 4 *Dallas*, 109; *Tower* vs. *Durrell*, 9 *Mass*. 332.

In those cases, where the endorser has knowledge of the fact that there has been no demand upon the maker, and a new promise has been given, it has been considered as evidence of a waiver of demand and notice. *Hopkins* vs. *Liswell*, 12 *Mass*. 52; *Pierson* vs. *Hooker*, 3 *Johns*. 68; *Ladd* vs. *Kenney*, 2 *N. H. R*. 340. But this doctrine has been controverted. A new promise, in such case, may be considered, prima facie, as the acknowledgement of a debt rightfully due from the endorser, or drawer, which he is ready and willing to pay; but where it can be shown that no such consideration for a new promise existed, it is questionable whether it can preclude the endorser from his de-

fence.　*Lawrence* vs. *Ralston*, 3 *Bibb* 102; *Phillips* vs. *McCurdy*, 1 *Har. & I.* 187; *Walker* vs. *Laverty*, 6 *Munf.* 487.

It must be considered as settled law, that a new promise is void, unless it is shown affirmatively and clearly that the promise was made with a full knowledge that there had been no demand upon the maker.　*Otis* vs. *Hussey*, 3 *N. H. R.* 347.　As there is no evidence of such knowledge in this case, and for this reason the acknowledgement may have been made under a misapprehension of the defendant's liability, and not for the reason that he was the party in interest, or in any manner of right bound to pay the note, the promise must be considered as having been made without consideration, and

*The verdict must be set aside.*