## Seth F. Davis *vs.* Augustus Gowen.

If the writ is indorsed by one of two partners as attorneys at law in his own name, and there is no agreement to indemnify him, the other partner is not bound by the partnership relation to contribute towards any loss that may happen in consequence of the indorsement, and is a competent witness in the case for the plaintiff.

If the indorser of a note, when he knows that no demand has been made upon the maker, promises to pay it, he will be liable.

But the plaintiff must prove affirmatively that the indorser knew that there had been no demand.

Such knowledge cannot be inferred from the mere fact of the promise to pay.

If it be proved that the indorser knew, at the time of the promise, that no demand had been made, it is to be presumed that it was done with a knowledge of his legal rights.

Exceptions from the District Court, for the Eastern District, Allen J. presiding.

Assumpsit against the defendant as indorser of a note dated *Sept.* 23, 1837, for $32.13 payable in thirty days, given by one *Mayo* to the defendant and by him indorsed. The parties all lived in *Orono*, and it was proved that the note was left in the *Stillwater Bank* in that town for collection, and that on the 26th of *Aug.* written notices were made out directed to the maker and indorser, and left in the *Orono* post-office. The plaintiff then called *Nathaniel Wilson*, who was objected to by the defendant as interested. He stated, in answer to questions by the defendant's counsel, that the action was commenced by *N. Weston, Jr.* and himself, then in partnership as attorneys at law, and indorsed by *Weston;* that he and *Weston* had dissolved their connection in business, and that by the terms of the dissolution he was to settle the business of the office, and had since prosecuted this action. The objection was overruled. *Wilson* testified, that the note was brought to him on or about the last day of grace by the plaintiff, who desired to have a writ made upon it immediately ; that on the same day or within two or three days the witness called on the defendant with the note and told him what directions he had received ; that the defendant said, if the witness would not sue the note he would immediately see it paid ; that he delayed to sue it on account of the promise ; that he called on the defendant again, and he believ-

ed a third time, when similar promises were made. There was no other evidence.

The defendant's counsel requested the Court to instruct the jury, that on the facts in the case the action could not be maintained. The instruction given was, that the notices left in the post-office were insufficient to charge the indorser; that a promise by the defendant to pay the note, made with the knowledge that he was discharged by the laches of the holder, would amount to a waiver of notice; that if the jury should find that the defendant made the promise, and should further find that when he made it, he knew the facts and circumstances affecting his liability as indorser, and such facts and circumstance would discharge him; they were to presume that he made the promise with a knowledge of his legal rights; that is, with the knowledge that he was discharged by the laches of the holder; and if so, that the plaintiff would be entitled to recover.

The defendant filed exceptions, the verdict being for the plaintiff.

*Washburn,* for the defendant, argued : —

1. *Wilson,* the witness, was interested. His partner was liable for costs, and *Wilson* would be liable to contribute his share. 2 *Pick.* 285 ; 3 *Pick.* 420 ; 6 *Paige,* 76 ; 6 *N. H. Rep.* 547 ; 8 *Wend.* 665 ; 4 *M'Cord,* 259 ; 11 *Mass. R.* 246.

2. The defendant was discharged, and the promise testified to was made under an ignorance both of the law and of the facts. Such a promise, it has repeatedly been decided, is not binding. The promise is without consideration, and does not operate as a waiver of demand and notice. 9 *Mass. R.* 408 ; 7 *Mass. R.* 448; *ib.* 488 ; 4 *Mass. R.* 342; 10 *Mass. R.* 84; 4 *Bing. N. C.* 227 ; 5 *Burr.* 2690; 1 *T. R.* 712 ; 12 *East,* 434; 4 *Taunt.* 93; 5 *Esp. Rep.* 265 ; *Chitty on Bills, (6th ed.)* 236 ; 5 *Paige,* 104 ; 2 *Bailey's R.* 475. The burthen of proof is on the plaintiff to show that the promise was made with a knowledge of all the facts, and the proof must be clear and conclusive. The facts in this case are wholly insufficient to charge the indorser. In addition to the cases already cited are the following. 16 *Johns. R.* 152 ; 1 *Cowen,* 397; 6 *Wend.* 658; 2 *Brock.* 20 ; 7 *N. H. Rep.* 271 ; 3 *N. H. Rep.* 346; 17 *Pick.* 335. As there was no

dispute about the facts, it was a question of law for the decision of the Court. 1 *Cowen,* 397 ; 7 *Cowen,* 707 ; 1 *Fairf.* 467 ; 10 *Mass. R.* 84 ; 17 *Mass. R.* 449.

*Wilson,* for the plaintiff, contended, that the witness was under no liability whatever to the indorser of the writ, and therefore was competent.

The promise was made with a full knowledge of all the facts in the case, and so the jury must have found under the instructions of the Court. The promise proved is sufficient to hold the defendant. 12 *Peters,* 497. The consideration was sufficient. 2 *Shepl.* 138 ; 4 *Greenl.* 387 ; 5 *Greenl.* 81. The Court will not set aside a verdict, where substantial justice has been done. 2 *Shepl.* 228 ; 4 *T. R.* 468 ; 7 *Mass. R.* 507 ; 1 *Johns. Cas.* 250.

The opinion of the Court, was drawn up by

WESTON C. J. — The attorney for the plaintiff is not liable to the defendant for his costs, unless he indorses the writ. It is no part of his duty, in virtue of his retainer, to do this. It is in practice often done by him, but the obligation it imposes, depends upon his indorsement, to which a certain legal effect is attached, and not upon the relation in which he stands, as the attorney of the plaintiff. The partner of *Mr. Wilson,* the witness objected to, indorsed in this case the plaintiff's writ. He might have done it in the name of the firm. If he had, they would doubtless have been bound, being done in the prosecution of their professional business. But he did in fact indorse it in his own name. He had a right to to do so. The indorsement was not objectionable. We do not perceive how it can render the firm liable to the defendant. He had no right to require their indorsement. Nor does it appear to us, that the actual indorser has a remedy over against them. It was a liability by him voluntarily assumed in his individual capacity, not a duty arising from his professional relation.

After their dissolution, the business was continued and to be settled by *Mr. Wilson.* This did not subject him to any liability for costs, which the firm had not assumed. It does not appear in the exceptions, that he had undertaken to indemnify his former partner. As the case stands, no such interest is disclosed, as would render the witness incompetent.

The liability of the defendant was originally conditional, depending upon legal demand and notice, which it was incumbent upon the plaintiff to prove. It is not pretended, that such proof has been made. An express promise is relied upon, which it is insisted is a waiver of the condition, and binds the defendant absolutely. The authorities are clear, that to have this effect, it must have been made with a full knowledge of the facts, which would have entitled the defendant to have been discharged. And this must be made to appear affirmatively, from the proof adduced by the plaintiff.

The decisions in *New-York*, cited for the defendant, maintain this doctrine. In *Trimble* v. *Thorne*, 16 *Johns. R.* 152, it was held, that the promise itself is not evidence, that the indorser was apprized of the facts. In *New-Hampshire*, it has been decided, that a new promise by the indorser, to be binding, must have been made with a full knowledge, that there had been no legal demand and notice. *Otis* v. *Hussey*, 3 *N. H. Rep.* 346 ; *Farrington* v. *Brown*, 7 *N. H. Rep.* 271. In *Martin* v. *Winslow*, 2 *Mason*, 241, *Story J.* says, " a promise to pay with a full knowledge of all the facts, is binding upon the indorser, although he might otherwise be discharged. But if he promise in ignorance of material facts, affecting his rights, it is not a waiver of those rights."

In some of the cases cited for the defendant, the Court intimate an opinion, that the indorser ought to know that he is legally discharged. But in practice, no other proof has been required, but such as is calculated to afford reasonable satisfaction, that the indorser had a knowledge of the facts, which relieved him from legal liability. In *Hopkins* v. *Liswell*, 12 *Mass. R.* 52, the jury were instructed, that if the indorser, when he made the promise, knew that no demand had been made upon the maker, he was liable ; and they were left to infer this knowledge, from the circumstances proved. These instructions were sustained by the Court.

In the case before us, the same instructions were given, with the addition, that from a knowledge of the facts, it was to be presumed that he knew that he was legally discharged. We are of opinion, that the law, as to the effect of a promise thus made, was properly laid down by the presiding Judge. It was the province of the

jury to determine the facts, which is a matter not submitted to our revision.

But there does not appear to have been sufficient evidence, upon which to base the instruction. There is no affirmative proof, that the defendant knew of the laches of the holder. The promise itself does not establish that fact. And we are of opinion, that the jury should have been so instructed, upon the request of the counsel for the defendant.

*Exceptions sustained.*