Savage agt. Bevier and Bevier.

---

# NEW-YORK COMMON PLEAS.

MORGAN L. SAVAGE agt. HENRY E. BEVIER & J. L. BEVIER.

The rule that a *bill* or *note* payable to order, must be transferred by *indorsement*, applied only to make the instrument negotiable, so that the *holder might sue in his own name.* But the transfer by *delivery* was sufficient to enable the holder to sue in the *name of the payee.*

By an *assignment* of a note, the *assignee* acquires the *title*, and an action under the Code can be maintained in his name. (§ 111.)

*Insolvency* of the maker of a promissory note, does not seem to be an *exception* to the requiring notice of demand and non-payment to the indorser; and

certainly not, unless the insolvency existed at the time the note was made or indorsed; and whether that will excuse or not, *quere ?*

Where a *subsequent promise* of an indorser is relied on, the plaintiff must show, affirmatively and clearly, that the defendant knew, *when he made the promise,* that he had not received regular notice of protest.

Mere information of presentation and of non-payment, or of non-payment alone, and not by notice in the regular way, unless given by the holder, or some person representing him, *before* the promise made, is not sufficient to charge the indorser.

*Special Term, Feb.,* 1856.

DEMURRER to complaint.

The defendant, H. E. Bevier, indorsed a note made by his brother, J. L. Bevier, payable to the order of A. Ferguson, to secure a debt due to Ferguson. A. Ferguson transferred the note by assignment, and without indorsement, to the plaintiff, who sues the defendants to recover the amount and another claim. The defendant, H. E. Bevier, demurs to the complaint, upon the ground that he is not liable as maker or guarantor, but as an indorser only, and is discharged by the omission o the payee or holder to notify him of the presentment of the note, and of its non-payment. The plaintiff also alleges a promise by H. E. Bevier to pay the note made after it had. matured.

MARSH, LEONARD & HOFFMAN, *for defendants.*
BOWMAN & GREEN, *for plaintiff.*

BRADY, Justice. The defendant, H. E. Bevier, is an indorser, and not a maker or guarantor; and to charge him, notice of presentment and of non-payment was necessary. (*Hall* agt. *Newcomb,* 7 *Hill,* 416; *Spies* agt. *Gilmore,* 1 *Com.* 321.) The payee could have maintained an action against him. (1 *Com. supra, and* Ch. WALWORTH's *opinion,* 7 *Hill, supra, p.* 420.) And it was not necessary, to enable the plaintiff to maintain an action against him, that the payee should indorse the note. The rule that a bill or note, payable to order, must be transferred by *indorsement,* applied only to make the instrument negotiable, so that the holder might sue in his own name. But the transfer

by delivery was sufficient to enable the holder to sue in the name of the payee.   By the assignment of the note alleged, the plaintiff acquired title to the note, and the action under the Code can be maintained in his name.   (*Code*, § 111 ; *Hastings* agt. *M'Kinley*, 1 *E. D. Smith*, 273.)

It is not denied that the defendant, H. E. Bevier, had not *regular* notice of non-payment : indeed, no notice to him is alleged, except as hereafter mentioned ; and his liability as an indorser is based upon his subsequent promise.   There is nothing in the complaint alleged to excuse the omission to notify the indorser of the presentation of the note at maturity, (if any such presentation was in fact made, which does not appear,) and of non-payment.   It is true, that it is alleged that the maker was insolvent, but not that such insolvency existed at the time of the making or indorsement of the note.   Insolvency does not seem to be an exception to the rule. requiring notice, (*Taylor* agt. *Snyder*, 3 *Denio*, 145,) and certainly not unless the insolvency existed at the time the note was made or indorsed. (*Agan* agt. *M'Manus*, 11 *Johns*. 180, *and whether that will excuse or not, quere?*)

It is also alleged in the complaint that the note was presented to the maker *before* its maturity, and that he was asked whether he would be ready to pay it.   That he said he would not, and would write to the defendant, to see if he (the defendant) would be ready to pay it ; and that the maker did accordingly write. That the defendant had notice of the maturity of the note, and that the holder would look to him for payment thereof.   And further, that the defendant and the maker, at *the time of the maturity of the note*, and before and afterwards, were in constant correspondence, and that the defendant well knew all the facts and circumstances with reference to the note, its maturity and non-payment ; but what those facts and circumstances were, other than those stated, does not appear.   The correspondence alluded to is not stated to have been *about the note*, and the allegation is herein stated as broadly as it is made.

There is no allegation that there was no demand, and that the defendant knew it ; and no allegation. that the defendant

knew that he had no regular notice of presentation or non-payment, or either, when the note matured, or that the defendant knew of the omission to charge him. That he knew that the maker could not pay, and that the holder looked to him, is not sufficient to charge him on his subsequent promise. If, under the circumstances, he had promised *before* the maturity of the note, and induced the omission of notice to him, such promise would be regarded as a waiver of notice, and binding. As to subsequent promises, the rule is different. There the plaintiff must show affirmatively and clearly that the defendant knew, *when he made the promise*, that he had not received regular notice. (*Trimble* agt. *Thorne,* 16 *Johns. R.* 152; *Crain* agt. *Colwell,* 8 *Johns. R. 2d ed.* 299,—*in which several authorities to the same point are stated in a note,—and Duryee* agt. *Dennison,* 5 *Johns. R.* 248,—KENT, Ch. J., *citing a number of cases to sustain his enunciation of the doctrine.*)

Mere information of presentation and of non-payment, or of non-payment alone, and not by notice in the regular way, unless given by the holder, or some person representing him, *before* the promise made, would not be sufficient within the rule, and, it seems, for the reason that the indorser must know of his exemption from liability at the time of his promise. That promise, then, becomes a new contract, made voluntarily, with full notice of his legal rights, upon which he will be held. In this case none of these requisites are averred, and the demurrer is, therefore, well interposed.

Judgment for plaintiff on the demurrer.