## EDWARDS *et al v.* TANDY.

If the indorser of a promissory note, having full knowledge that he is discharged by the failure of the indorser to make demand upon the maker and give notice to the indorser, makes a parol promise to pay the note, such promise will be a waiver of the right to set up the defence, and will bind him.

But in such case it is incumbent on the plaintiff to prove that the promise was

made with a full knowledge of the facts showing that the defendant was discharged.

An indorser may, also, before the note falls due, make a parol agreement to waive demand and notice ; and such agreement will obviate the necessity of showing demand and notice.

The burden of proof is upon the plaintiff to show such waiver, in like manner as when there is a new promise after the note falls due.

ASSUMPSIT, to recover the amount of seven promissory notes, five of them made by the defendant, and two payable in one and two years from date, given by one Philbrick Cram to the defendant, or his order, and by the defendant, soon after their date, indorsed to the plaintiffs. The defendant confessed the amount due upon his own notes, and as to the Cram notes pleaded the general issue.

The plaintiffs introduced, subject to the defendant's exception, evidence tending to show that after the transfer, and prior to the maturity of the Cram notes, the defendant, verbally and without consideration, agreed to waive their presentment to Cram for payment at maturity, and promised to pay them, notwithstanding no legal demand should be made on Cram for their payment. No evidence was introduced by them to show that the defendant agreed to waive notice to himself of the non-payment of these notes, at maturity, or that he promised to pay them, notwithstanding such notice was not given ; and it was not clear from the plaintiffs' testimony, whether the agreement to waive demand, and the promise to pay, notwithstanding the want of it, were not made upon the understanding and condition that the time of payment of the note should be extended. It was proved by that testimony that payment of the notes was not demanded of Cram, at their maturity, and that no notice of their non-payment was given to the defendant.

The plaintiffs also introduced, subject to the defendant's exception, evidence tending to show, that, after the maturity of the notes, the defendant verbally, and without consideration, promised to pay them, but whether absolutely or conditionally, was doubtful, and there was no evidence tending to show that at

the time of this promise the defendant knew that payment of the notes had not been demanded of Cram, at their maturity.

The defendant introduced evidence positively contradicting that produced by the plaintiffs as to the agreement to waive demand, and the promise to pay the notes notwithstanding the want of it, alleged to have been made before the maturity of the notes, as well as to the promise alleged to have been made to pay them after their maturity, and tending directly to show that no such agreement or promises were ever made by the defendant, unless upon conditions precedent, to be performed by the plaintiffs, which had never been fulfilled, or under a mistake of material facts.

Among other things, the court instructed the jury substantially, that, although the defendant's original contract of indorsement was conditional and in writing, he might waive the performance of those conditions by a subsequent parol agreement, either before or after the maturity of the notes, although the same were entered into without any consideration ; that if, before the maturity of the notes, knowing what was necessary to be done to charge him as indorser, he understandingly agreed to waive the performance of those things, or promised unconditionally to pay the notes, notwithstanding their non-performance ; or if, after the notes became due, knowing that those things necessary to charge him as indorser had not been done, he understandingly promised to pay them, he would be holden liable to pay them, notwithstanding the omission of the plaintiffs to perform those acts necessary to charge him as indorser upon his original contract in writing ; that the burden of proof was upon the plaintiffs, and they were bound to show such agreement or promise, and that it was understandingly made ; that neither such agreement, or promise, was to be presumed or implied from doubtful circumstances, equivocal language, or hasty expressions, or from loose and uncertain conversations. No question was raised upon the trial as to the defendant's knowledge of the law, and the instructions of the court had reference only to his

Edwards *v.* Tandy.

knowledge of the acts necessary to be done to charge him as indorser.

The jury having returned a verdict for the defendant, the plaintiffs moved that the same be set aside, and a new trial granted, for supposed error in the foregoing instructions of the court. And the questions arising upon the case were reserved and assigned to the determination of the whole court.

*Dana,* for the plaintiff.

1. In order to hold the defendant liable as indorser, by virtue of his agreement, made prior to the maturity of the notes, to waive demand and notice, it is not requisite that he should have " understandingly" made such agreement of waiver — " knowing what was necessary to be done to charge him as indorser."

It is a matter of indifference, so far as the rights of the plaintiffs are concerned, whether the defendant, in making such agreement of waiver, knew what were his legal rights, in the premises, or not.

2. The burden of proof is not upon the plaintiffs, and they are not bound to show that the defendant, in making an agreement prior to the maturity of the notes to waive his rights as indorser, did so " understandingly."

*Fletcher,* for the defendant.

EASTMAN, J.    In order to maintain an action against the indorser of a promissory note, the general rule is that it must be shown that there has been due demand of payment upon the maker, and seasonable notice given to the indorser, of the non-payment. The contract of the indorser is a conditional one, and unless the proper and legal steps are taken to hold him, he is discharged.

An indorser may, however, waive his right to avail himself of such discharge; and if, having full knowledge of the circumstances upon which he might claim the discharge, he sees fit, notwithstanding, to make a promise to pay the note, that promise

will be a waiver of the right to set up the defence, and will bind him. *Otis* v. *Hussey*, 3 N. H. 343 ; *Whitney* v. *Abbott*, 5 N. H. 378 ; *Woodman* v. *Eastman*, 10 N. H. 359 ; *Rogers* v. *Hackett*, 21 N. H. (1 Foster) 100.

But in order to sustain an action upon this ground, the plaintiff must prove that the defendant has made a new promise, and that this was done with a full knowledge of the facts which show that he was discharged. The burden of proof is upon the indorsee who brings the suit. *Farmington* v. *Brown*, 7 N. H. 271 ; *Woodman* v. *Eastman*, 10 N. H. 359 ; *Carter* v. *Burley*, 9 N. H. 572 ; *Merrimack County Bank* v. *Brown*, 12 N. H. 325 ; *Trimble* v. *Thorn*, 16 Johns. 152 ; *Martin* v. *Winslow*, 2 Mason 241.

An indorser may, also, before the note falls due, make a parol agreement to waive demand and notice ; and such an agreement will obviate the necessity of showing a demand and notice, and he will be charged. *Whitney* v. *Abbott*, 5 N. H. 378 ; *Boyd* v. *Cleveland*, 4 Pick. 525 ; *Barker* v. *Parker*, 6 Pick. 80.

The burden is upon the plaintiff to show such waiver in like manner as when there is a new promise after the note falls due.

No demand and notice were shown in this case, but there was evidence tending to prove a waiver by the indorser, both before and after the maturity of the note. There was, also, evidence contradictory of these facts ; and the court charged the jury substantially according to the rules which we have laid down, and which must be understood to be the law in this State.

We do not understand the instructions to have gone to the extent contended for by the plaintiffs' counsel. The case shows that no question was raised at the trial as to the defendant's knowledge of the law.

*Judgment on the verdict.*