Allgoever *v.* Edmunds.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

---

## ALLGOEVER *vs.* EDMUNDS.

Under section 111 of the Code, which authorizes an action to be brought in the name of the real party in interest, a party can maintain an action on a promissory note not negotiable but of which he is the real owner.

The defendant and U. being partners, a note, made by the defendant and indorsed by U., but given for matters unconnected with the partnership, was sold to the plaintiff. Payments were made to the plaintiff by the defendant, at the request and for the benefit of U., but upon an agreement between U. and the defendant that they should not be applied on the note, but should be charged to U. and credited to the defendant, on the books of the partnership; which was done. *Held* that the referee was right in refusing to allow these payments as a set-off against the note.

After the assignment of the note to the plaintiff, a settlement of the partnership transactions between the defendant and U. was had, and U. was found indebted to the defendant, on that account; but such indebtedness was unliquidated at the time of the purchase of the note by the plaintiff, and it required an accounting to liquidate it. *Held* that the amount of this indebtedness could not be set off, in an action upon the note.

APPEAL from a judgment rendered in the county court of Lewis county, and from an order denying a new trial on the report of a referee.

*Henry E. Turner,* for the appellant.

*C. E. Stephens,* for the respondent.

*By the Court,* TALCOTT, J. The case and exceptions presented in this case are not very intelligible for the

purpose of presenting any questions of law, consisting as they do of a mere and literal transcript,. apparently, of the attorney's or referee's minutes of the evidence, and full of objections and exceptions on both sides. The action was originally commenced in a justice's court, to recover a balance due on a note made by the defen-,dant and payable to the order of one Underwood. The plaintiff recovered, before the justice. The defendant appealed to the county court from the judgment rendered by the justice. In the county court the action was referred to a referee, who reported in favor of the plaintiff, and a motion for a new trial on the case and exceptions was denied by the county court. The following observations seem to cover all the questions affecting the merits of the recovery.

1. The indorsement of the note by Underwood, the payee, was not proved, but it was shown that the plaintiff purchased the note of Underwood. This transferred the equitable right, and would have authorized the plaintiff, before the Code, to maintain an action on the note in the name of Underwood. Since the Code, which authorizes the action to be brought in the name of the real party in interest, the plaintiff can maintain an action in his own name on a note not negotiable but of which he is the real owner. (*Savage* v. *Bevier*, 12 *How. Pr.* 166. *Brown* v. *Richardson*, 20 *N. Y.* 472.)

2. The defendant claimed that the words "with use," had been inserted in the note after the defendant signed the same, but were subsequently erased. The defendant claimed that this avoided the note. But the evidence subsequently introduced showed that these words were inserted at the time the note was made, and were erased on the objection of the defendant that the note was not to bear interest. The erasure was made in his presence and with his consent, and did not avoid the note.

3. The defendant and Underwood were partners in a certain enterprise, but the note was given for matters

Allgoever *v.* Edmunds.

unconnected with the partnership. The note was sold to the plaintiff while this partnership continued. Sundry payments had been expressly made and indorsed on the note. These were allowed. Two or three payments had been made by the defendant at the request and for the sole benefit of Underwood, but as the evidence tended to show, and it must be assumed the referee has found, upon an agreement between Underwood and the defendant that these sums should not be applied on the note, but should be charged to Underwood and credited to the defendant on the books of the partnership, which was done. The referee refused to allow these payments by way of set-off. This was correct, because by the agreement of the parties these advances had been taken out of the category of individual transactions, and had entered into the accounts of the copartnership.

The defendant also claimed that after the assignment of the note to the plaintiff a settlement had been had of the partnership transactions between the defendant and Underwood, and that Underwood was found indebted to the defendant on that account, and the defendant claimed to set off this indebtedness against the note. This the referee rejected. The ruling was correct. At the time of the purchase of the note by the plaintiff the demand, if any, was unliquidated, and it required an accounting to liquidate it. The defendant could not have maintained an action at law for the recovery of the balance which might possibly have been due to him as ascertained by an accounting. (*Cumings* v. *Morris*, 3 *Bosw.* 560.)

If there are any facts in addition to these, material to be noticed, or if there was any testimony varying these, the appellant has neglected to call our attention to them. He has not complied with the rule which requires him to prefix a statement of the facts of his case with-

a reference to the folios where the evidence may be found which establishes them.

There were no errors of any importance in the admission or exclusion of evidence, and the judgment and order appealed from should be affirmed.

Judgment and order affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]