RIVENBURGH v. FIRST NAT. BANK OF MIDDLEBURGH.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

BANKS AND BANKING—CERTIFICATES OF DEPOSIT—TRANSFER—RIGHTS OF TRANSFEREE.

　　Decedent executed an instrument reciting that he gave all his property,. with a sum in a bank, to plaintiff, for taking care of him through his sickness, adding that decedent would hold the property during his life. The instrument was delivered to a third person. At the time of its execution decedent held two certificates of deposit, payable to the order of himself on return of the certificates properly indorsed. Plaintiff performed the services. *Held* that, after decedent's death without revoking the instrument, plaintiff was entitled to the instrument and the certificates, and, on receiving the same, he was entitled to the deposits.

　　Parker, P. J., dissenting.

Appeal from Special Term, Schoharie County.

Action by Frederick Rivenburgh against the First National Bank of Middleburgh. From a judgment for defendant, plaintiff appeals. Reversed.

Upon the 5th day of March, 1904, John D. King was sick at the house of the plaintiff, where upon the 24th day of March thereafter he died. Upon said 5th day of March he executed and delivered to one Safford a paper, of which the following is a copy:

　　　　　　　　　　　　　　　　　　　　"Gilboa, March 5, 1904.

"In the year of our Lord, nineteen hundred and four, I, John D. King, do give all my property, goods and chattels, with one hundred and thirty dollars in the Middleburgh Bank, for taking care of me through my sickness,. all to Frederick Rivenburgh, but said King hold the property long as he lives..

　　　　　　　　　　　　　　　　　　　　　　his
　　　　　　　　　　　　　　　　"John　X　D. King.
　　　　　　　　　　　　　　　　　　　　　　mark.
"Witnesses:
　　　　　　her
　　"Lany　X　Rivenburgh,
　　　　　　mark.
　　　　　　　　his
　　"Frederick　X　Rivenburgh."
　　　　　　　　　mark.

This paper was drawn by Safford upon King's statement to him that he wanted something drawn up to give Mr. Rivenburgh what he had for taking care of him and burying him. It was delivered to Safford in the presence of the plaintiff, who, as it appears, was a witness of the paper; and there—

.after Rivenburgh cared for the plaintiff during the remainder of his sickness, and paid the expenses of his burial. It is undisputed that the fair compensation for the care and expenses incurred in the burial was the amount of about $200, and it appears that the certificates in suit constituted the only property of any value left by King. Five or six dollars only was paid by King to the plaintiff during his lifetime.

At the time of the execution of this instrument, King had no moneys upon deposit in the Middleburgh bank, except such as were represented by the two certificates of deposit in suit—one for $100 and one for $30. After the death of King, Rivenburgh found these certificates among his effects, took them to the bank, indorsed the name of King by Rivenburgh, and indorsed his own name. He thereupon made affidavit of his interest in the certificates, and demanded the amount thereof from the bank. The bank refused payment, and this action is brought to recover the amount of such certificates. Upon the trial the judge presiding dismissed the plaintiff's complaint. From the judgment entered upon such order, the plaintiff has here appealed. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

W. H. Albro and George H. Palmer, for appellant.

G. L. Danforth, for respondent

SMITH, J. The certificates of deposit sued upon are in the usual form, reciting that King had deposited in the bank $100 or $30, payable to the order of himself on return of certificate properly indorsed. If these certificates have been assigned to plaintiff, though without the indorsement of King, upon proof of the assignment and upon his own indorsement the plaintiff would seem to be entitled to recover. Savage v. Brevier, 12 How. Prac. 166; Negotiable Instruments Law (section 79, c. 712, p. 731, Laws 1897).

It is not necessary here to decide whether the delivery of this instrument to Safford constituted a valid gift to plaintiff causa mortis. The assignment of the certificates was given to Safford, to be delivered to plaintiff after King's death in payment for the services of plaintiff in caring for him during his sickness, and for the expenses of his burial. These services were rendered by plaintiff, and the expenses incurred, presumptively, upon the faith of the paper which Safford held. The consideration of the transfer was not the plaintiff's promise to perform the services or to incur the expense. It was the actual performance of the services and the actual provision for the burial. After the performance of such services, plaintiff became entitled upon the death of King to the delivery of the instrument held by Safford and to the certificates.

The paper recites that King is to hold the property as long as he lives, and Safford was requested by King to hold the paper, and deliver it to Rivenburgh after King's death. While the authority to Safford was revocable if King recovered from his sickness, it was otherwise absolute. King did not recover. The authority was not revoked, and the paper executed by King was properly delivered by Safford to plaintiff after King's death. The judgment should therefore be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur, except PARKER, P. J., dissenting.