NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
October, 1879.

WHITE v. GARDINER.

*In the matter of the estate of* THOMAS GARDINER, JR.,
*deceased.*

The estate of an indorser of a note is not released because of the failure of the holder to pursue the maker with diligence. In this state the holder of a note owes no duty to the indorser after his liability has been fixed by demand, protest and notice.

Where the estate of the indorser is insolvent, and the holder of the note has failed to sue the maker, the doctrine of the marshalling of assets, which requires a creditor who can reach several funds of his debtor, to a part only of which other creditors can resort, to take payment out of the fund to which he can resort exclusively, does not apply. In such a case there can be no several funds of a common debtor. The estate has no claim to the liability of the maker until it shall be subrogated to the holder's rights against the maker by paying the notes.

MOTION to confirm the report of an auditor, on final accounting by the executor of decedent's will.

The facts appear sufficiently in the opinion.

ROE & MACKLEN, *for executor.*

WHITE & BUSH, *for executrix.*

DE WITT, LOCKMAN & KIP, *for creditors.*

JAS. F. MALCOLM, *for creditors.*

THE SURROGATE.—The only questions raised by the exceptions and urged on the argument relate to the auditor's rejection of two claims presented to the executor, not disputed by him, but questioned by some of the creditors of said estate. One of the claims is that of D. C. Newall & Sons for about $1,000, balance of a note for $5,000, made by John T. Conover, and indorsed by the decedent, which was duly protested, and this estate charged by notice. This claim was transferred after the filing of the executors' account to John H. White, since deceased, and it is represented by his executor. Newall & Sons put the note in judgment against the maker, Conover, issued execution to the sheriff of New York, who failed to return the same, was sued, and judgment recovered against him for the amount, on which judgment he has paid on account thereof without execution, until the amount is reduced to about $1,000.

The other claim is by John Nicholson, for $2,500 and interest, upon a note made by said Conover, and indorsed by decedent, duly protested, and the estate charged by due notice. The evidence shows that the holder has made no other effort to collect of the maker, except to importune him for payment frequently, and to place the note in the hands of his attorney, since the commencement of this accounting, to do with it as he should deem best. There was some evidence given upon the subject of Mr. Conover's solvency, but which left

the question in doubt, though the account sets forth a claim against him in judgment not collected. It also appeared before the auditor that this estate is insolvent. The auditor put his rejection of the claim of Newall & Sons upon the ground that the neglect of the claimants to prosecute their claims against the maker released the indorser, and because they gave time to the principal. He rejects the claim of Nicholson on the same grounds, and also because it is a disputed claim.

I have read the testimony carefully, and find therein no evidence that either of the claimants gave Mr. Conover time, in the legal acceptation of that term,—that is, by such a valid agreement as would have prevented the indorser from taking up the notes, and enforcing them against the maker ; nor do I think that the latter claim was ever disputed by the executor, for in his account he states it to be undisputed ; the interlocutory report of the auditor, and the order of this court entered thereon, treated it as undisputed. The creditors, however, were allowed to raise the point, that by their *laches* the claimants had released the estate, and were not entitled to share in the proceeds of the estate for that reason, and the auditor so held.

I am of the opinion that the motion to confirm the report of the auditor, so far as his disallowance of the two claims referred to, must be refused for two reasons. First, because, though the indorser of a promissory note should be held to be a surety for the maker, with all the consequences flowing to a person dealing with the principal, the maker, yet the proof in this case does not show that the failure of the holder to pursue the maker with diligence has resulted in any loss to this estate, for it

does not show that when the right of action accrued to the holders on said note, the maker was solvent and that he has since become insolvent. (Herrick v. Borst, 4 *Hill*, 650.) Second, because, under the commercial law in this state the holder of a promissory note owes no duty to the indorser after his liability has been fixed by demand, protest, and notice. Story, in his Treatise on Promissory Notes (§ 135, and note), states accurately the character of the indorser's contract with the indorsee and every subsequent holder; that, "If, when duly presented, it is not paid by the maker, he will, upon due and reasonable notice given him of the dishonor, pay the same to the indorsees, or other holder." An indorser is excepted from the general rule, that a surety, while he is solvent, may require a creditor to collect the debt of the principal, and if the creditor neglects, and the principal becomes insolvent, the surety is discharged. (Cosgrove v. Tolmin, 67 *N. Y.*, 99 ; Trimble v. Thorne, 16 *Johns.*, 152.) This seems to settle the question so far as this estate is concerned, and to show that the auditor is in error when he holds that this estate is released from liability as indorser on the notes in question, by reason of the alleged *laches*.

The next question is, whether the equitable doctrine of marshalling assets applies to this case, so as to entitle this court to require the holders of the notes in question to exhaust their remedy against the maker, or whether the *laches* alleged have, as against the other creditors, deprived the holders of their right to enforce the claim against this estate. Judge WILLARD, in his Treatise on Equity, page 337, states the rule to be : "When there are several creditors having a common debtor, who has

several funds, all of which can be reached by one creditor, and only a part of the funds by the others, the former shall take his payment out of the fund to which he can resort exclusively, so that all may be paid.'' In this case there is a common debtor, to wit, this estate and several creditors, but the common debtor has not several funds, for it has no claim to the liability of the maker of the notes in question, and can have none until it shall be subrogated to the holder's rights against the maker by paying the notes ; and by that very act, the holders of those notes would cease to be creditors of this estate in respect thereto. If A. hold a note made·by B., and indorsed by C., and E. hold one against C. also, will it be pretended that E. might enjoin A. from collecting his note against C., the indorser, because B. was solvent, and C. might not be able to pay both ? Story states the rule to be: ''If one party has a lien on, or interest in, two funds for a debt, and another has a lien on, or interest in, only one of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance, whenever it will not trench upon the rights, or operate to the pre-judice of the party entitled to the double fund.'' (*Eq. Jur.*, § 633.) This principle, as it seems to me, does not apply to the case under consideration, for the reason that the common debtor has not several funds, part of which only can be reached by one creditor, while another may reach the whole ; for the holders of those notes derived no authority to enforce their claim against the maker through the indorser. The estate, as indorser, has no claim against the maker until it pays the note. But if this principle were applicable to such a

condition of things, yet this court would have no power to compel the holders to exhaust their remedy against the maker, unless it sufficiently appeared that the maker was solvent, and in that event it would be the duty of the court to impound the assets of this estate in the hands of the executor, until the effort to enforce the claim against the maker should be completed.

I am entirely clear that under the facts in this case there has been no such *laches* on the part of the holders of the notes in question, making a claim against this estate, as to deprive them as a matter of law of their right to participate in the assets.

That the notes in question bear interest according to their terms, needs no argument.

From a careful consideration of the evidence, and the law applicable to the facts, I am of the opinion that the disallowance of the claims growing out of the indorsement of the Conover notes cannot be sustained, and that, with these modifications, the report should be confirmed.

Ordered accordingly.