## TRIMBLE *against* THORNE.

If the endorser of a promissory note, who has not had regular notice of non-payment, with a knowledge of the fact, subsequently promises to pay, it is a waiver of the notice, and he is liable: but then it is incumbent on the plaintiff to show, affirmatively, that the endorser knew of the defect of notice; and his knowledge cannot be intended, from the mere fact of the subsequent promise.

If the holder of a promissory note be called upon by the endorser, after the note has become due, to prosecute the maker, of whom the amount might then be collected, but who, afterwards, becomes insolvent, and neglects to do so, this does not discharge the endorser; for, although in the nature of a surety, he is answerable upon an independent contract, and it is his duty to take up the note when dishonoured.

THIS was an action of *assumpsit*, on a promissory note, made by *James Cunningham*, dated the 20th of *October*, 1813, for 800 dollars, payable, with interest, six months after date, at the bank of *Orange* county, to the defendant, who endorsed it to the plaintiff. The cause was tried before Mr. J. *Spencer*, at the *Orange* circuit, in *September*, 1817.

The notice of non-payment to the defendant, (which was merely by putting a letter in the post-office, directed to the defendant, when he resided in the same town in which the bank was situated,) being insufficient, one of the plaintiff's attorneys testified, that previously to the commencement of this suit, the defendant called on the witness and his partner, and admitted his liability on the note, and promised to pay it ; that the defendant proposed to pay a proportion of the note in cash, and the balance, by an approved note, or notes ; and that the proposition was acceded to ; that the defendant neglecting to comply with it, the present suit was commenced. The plaintiff having here rested his cause, the defendant's counsel moved, that the plaintiff should produce further evidence, or be nonsuited, on the ground that it did not appear, that when the defendant made his promise, he knew that he was discharged in law, by the insufficiency of the notice. The judge, however, overruled the objection, and put the defendant upon his defence.

*Cunningham*, the maker of the note, was then offered to prove that the consideration was a usurious loan ; but the evidence was rejected. It was proved, that the plaintiff had admitted that, after the note fell due, he had been requested by the defendant to prosecute *Cunningham*, which

was not done; and it was admitted, that if *Cunningham* had then been prosecuted, the amount of the note could have been recovered of him.

A verdict was found for the plaintiff, subject to the opinion of the Court, on the above case.

*Bunner*, for the plaintiff, contended, that the promise to pay, was an admission, on the part of the defendant, of due notice, or a waiver of it. The promise was made about a year after the note was payable, and it was apparent from the circumstances, that it must have been made with a full knowledge of all the facts. (*Pierson* v. *Hooker*, 3 Johns. Rep. 68. 71. *Str.* 1246. *note.* *Bilbie* v. *Lumley*, 2 East, 469. *Lundie* v. *Robertson*, 7 East, 231. *Stevens* v. *Lynch*, 12 East, 39. *Miller* v. *Hackley*, 5 Johns. Rep. 385. *Duryee* v. *Dennison*, 5 Johns. Rep. 248. *Hopes* v. *Alder*, 6 East, 16. *note.*)(a)

*Wisner*, contra, insisted, that it ought to be shown, that the promise to pay was made with full knowledge of the fact of a want of a regular notice, &c. The cases of *Duryee* v. *Dennison*, *Miller* v. *Hackley*, *Crain* v. *Colwell*, 8 Johns. Rep. 384. and *Agan* v. *M'Manus*, 11 Johns. Rep. 180. all lay down the rule, that the promise to pay, in order to have the effect, as evidence of notice, or a waiver of it, must be made with full knowledge of the fact. And this is not matter of inference from the promise, but must be affirmatively shown by the plaintiff.

Again; the defendant requested the plaintiff to sue the maker of the note, which he neglected to do, for more than a year, and the maker, afterwards, became insolvent. An endorser is a *surety*, and is entitled to all the privileges of a surety; and in *Pain* v. *Packard*, (13 Johns. Rep. 174.) this

(a) In *Gibbon* v. *Coggon*, (2 Camp. N. P. Rep. 188.) Lord *Ellenborough* held, that in an action against the drawer of a bill of exchange, a promise by the defendant to pay, admitted his liability, and of every thing necessary to make him liable, as protest of non-payment, and notice of the dishonour of the bill. So, in *Greenway* v. *Hindley*, (4 Camp. N. P. Rep. 52.) Lord *E.* held, that a promise by the drawer to pay was sufficient evidence to the jury, from which they might infer the facts stated in the declaration, of *presentment, protest*, and *notice.* See also, *Jones* v. *Morgan*, 2 Camp. N. P. R. 474. *Taylor* v. *Jones*, Ib. 105. *Wood* v. *Brown*, Starkies N. P. Rep. 217.

Court decided, .that if the *surety* requests the holder or obligee to sue the principal, and he neglects to do so, and the principal, afterwards, becomes insolvent, the surety is exonerated.

SPENCER, Ch. J. delivered the opinion of the Court. The several cases of *Duryee* v. *Denniston*, *Miller* v. *Hackley*, (5 *Johns. Rep.* 248. 382.) *Crain* v. *Colwell*, (8 *Johns. Rep.* 384.) and *Agan & M'Manus*, (11 *Johns. Rep.* 180.) decide, that if an endorser of a bill or note, who has not had regular notice of non-payment, by the acceptor or maker, with full knowledge of that fact, makes a subsequent promise to pay, it is a waiver of the want of notice, and he is liable ; but it must be shown by the plaintiff, affirmatively and clearly, that the defendant knew, when he made the subsequent promise, that he had not received regular notice. The Court never intended, in the various cases which have come before them, on this point, to leave it to be inferred from the mere fact of the subsequent promise, that regular notice had been given, or was intended to be waived. In the case of *Beekman*, survivor of *Walsh* v. *Connelly*, (a) recently before us, we held, that the proof of a promise to pay, merely, without its appearing, also, that the party knew he had not received regular notice, did not dispense with the proof of regular notice. An endorser may believe that due notice has been given, inasmuch as notices need not be personally served, and under an ignorance of the facts, consider himself liable when he is not. It is no hardship on the holder of a bill or note, to require of him proof of regular notice ; but if a party, with a full knowledge of all the facts, voluntarily promises to pay, and waives his right to notice, he will be held to his promise.

We do not think the case of *Pain* v. *Packard* applies ; for the endorser, though in the nature of a surety, is answerable upon an independent contract, and it is his duty to take up the bill when dishonoured.

Judgment of nonsuit.

(a) Argued in *January Term*, 1818, but not reported.