MEHLBERG vs. TISHER, impleaded with others.

BILL OF EXCHANGE: *Essential requisites — When acceptance of it is payment of debt — No funds in drawee's hands — Evidence of that fact.*

1. It is not essential to the validity of a bill of exchange that it should be made payable to order or bearer, or on a day certain, or at a particular place, or have the words "value received."

2. The taking of a bill of exchange on a previous indebtedness of drawer to payee, is *prima facie* a payment of the debt.

3. Such taking is absolute payment if payee or holder neglects to take proper steps to obtain payment of the bill, or to charge the drawer with liability on it if not paid.

4. Notice of non-acceptance or non-payment is not required in order to charge the drawer, if he has no funds or effects in the drawee's hands; but the burden of proving that fact is on the holder.

5. Evidence that the drawees *told* the holder, on presentation of the bill, that "they had no money to pay it," is not competent, being mere hearsay.

APPEAL from the Circuit Court for *Winnebago* County.

Action, commenced in a justice's court, for labor performed by the plaintiff for the defendants Rich, Hoxie and *Tisher*, upon certain logs, and to enforce a lien upon the logs. The justice rendered a judgment against *Tisher* alone for the amount claimed, and adjudged that plaintiff had a lien upon the logs for that amount. *Tisher* appealed to the circuit court, where the cause was tried *de novo.* Plaintiff testified that he worked upon the logs in question, for *Tisher*, under a contract. "I settled with *Tisher* when I got through; he owed me $69.20. He gave me this paper to go to Hoxie and draw my pay." The paper referred to was put in evidence, and, after the date, is as follows: "To Hoxie and Rich: Please pay to *Chas. Mehlberg* the sum of $69.20, and charge to me. CHAS. TISHER." Witness added: "The order was not paid. They told me they had no money to pay it." On cross-examination he said: "I saw *Tisher* the same day, after I presented the order, and talked with him. * * Don't know whether we said

any thing about this order. I have never had any conversation with him about the order since presenting it to Hoxie." *Tisher* moved for a nonsuit, on the ground, among others, that plaintiff's evidence as to his acceptance of the order, and his *laches* in failing to give *Tisher* notice of its non-payment, showed that he had no cause of action. Motion denied. Afterward the court permitted the complaint to be amended by striking out the names of Rich and Hoxie as defendants; and, upon a finding of facts in favor of the plaintiff, rendered judgment as demanded·; from which the defendants appealed.

*C. Coolbaugh*, for appellant, to the point that plaintiff, by accepting the order and neglecting to take the steps necessary to charge *Tisher* as drawer, had lost his cause of action, cited *Holmes v. D' Camp*, 1 Johns. 34 ; *Burdick v. Green*, 15 id. 247 ; *Southwick v. Sax*, 9 Wend. 122 ; *Dayton v. Trull*, 23 id. 346 ; *Eastman v. Porter*, 14 Wis. 39 ; Edwards on Bills, 185, 187.

*Gary & Burnell*, for respondent :

If plaintiff had taken *Tisher's* note instead of his mere order, the action would still lie, unless it was taken in *discharge* of the amount due. Laws of 1860, ch. 215, § 15. This order was not so taken. If it had been, *payment* must be specially pleaded. Van Santv. Pl. 455, ch. 5, § 3. This was not a bill of exchange ; it was not negotiable. Plaintiff has lost no rights upon his original cause of action by failure to give notice of non-payment of the order, because he never claimed under it, or sought to hold him on it. Besides, *Tisher* was not entitled to notice, because he had no funds in the drawee's hands. Edwards on Bills, 640.

DIXON, C. J. The written instrument drawn up, signed and delivered by the defendant *Tisher* to the plaintiff, and directed to Hoxie and Rich, requesting them to pay to the plaintiff the sum of sixty-nine dol-

lars and twenty cents, and charge to *Tisher*, the drawer, was a bill of exchange. It is not essential to the validity of a bill of exchange that it should be made payable to order, or bearer, or have the words "value received," or be payable at a day certain, or at any particular place. *Kendall v. Galvin*, 15 Maine, 131; *Arnold v. Sprague*, 34 Vt. 402; and *Dayton v. Trull*, 23 Wend. 345, and cases cited. The taking of a bill of exchange on a previous indebtedness of the drawer to the payee, is *prima facie* payment of the debt. It is absolute payment, if the payee, or holder, through his own negligence, fails to take proper steps to obtain payment of the bill, or, if not paid, to charge the drawer with liability upon it; as, if the payee or holder fails to present it within the proper time, or, presenting it, fails to give proper notice of its non-acceptance or non-payment in cases where such notice is required. These principles are well settled, as will be seen from the authorities above referred to.

The bill here was presented for acceptance and payment, and both were refused; but no notice thereof was given to the defendant *Tisher*. This was a discharge of the debt sued upon, unless it can be shown that the case was one in which such notice was not required. The general rule is that notice must be given. To this rule there are some exceptions; one of which is, where the drawer has no funds or effects in the hands of the drawee. It is claimed that the case falls within this exception, and that it was so shown on the trial. The bill of exceptions purports to contain all the evidence, and the only proof appearing on this subject is the testimony of the plaintiff, who stated that the drawees told him "they had no money to pay it." This was no evidence to establish the fact. It was mere hearsay, and not competent to be received or considered for that purpose. It was let in, undoubtedly, through mistake or inadvertence, and not with a view to showing that there were no funds or effects belonging to the drawer in the

hands of the drawees. The burden of showing that there were no such funds or effects, rests upon the plaintiff; and until that fact is made out by good and sufficient evidence, there can be no recovery against the defendant *Tisher* in this action.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.