SCHIERL, Appellant, vs. BAUMEL, Respondent.

*October 21 — November 5, 1889.*

*Bill of exchange: Payment of debt by order on third person: Presentation for payment: Notice of nonpayment: Laches: Waiver: Subsequent promise of drawer: Burden of proof.*

1. The taking of an order drawn upon a third person for the amount of a previous indebtedness of the drawer to the payee is *prima facie* a payment of the debt,' and is absolute payment if, the drawee having funds to pay the order, the payee or holder fails to present it for payment within a reasonable time, or, payment being refused, fails to give notice of nonpayment within a reasonable time to the drawer.

2. At the time of giving such an order and for a long time thereafter the drawees were indebted to the drawer in an amount largely in excess of the order, and at a subsequent settlement between them the amount of the order was credited to the drawees and charged to the drawer. *Held,* that this was equivalent to funds in their hands to pay the order.

3. Failure to present such an order for payment or to give notice of its nonpayment within a reasonable time, is not waived by a subsequent promise of the drawer to pay the order, unless such promise is made with knowledge of the facts.

4. The burden of proving that the promise was made with such knowledge is upon the holder of the order, at least where it appears upon the trial that he was in fact guilty of laches before the promise was made.

APPEAL from the Circuit Court for *Jackson* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced in justice's court. In his complaint the plaintiff alleged, in effect, that the defendant was indebted to him on an account for goods, wares, and merchandise sold and delivered to the defendant, at his special instance and request, November, 10, 1884, in the sum of $75.33, according to the account thereunto annexed. The plaintiff obtained judgment in the justice's court by

the default of the defendant.   Thereupon the defendant appealed to the circuit court, and filed an answer therein to the effect that he admitted the receipt of the goods mentioned in the account, and alleged payment thereof by an order upon P. S. Davidson and Oliver Darwin for the amount of said claim and in full payment thereof, and that the same was received by the plaintiff in payment; that thereafter defendant settled with said Darwin, and upon such settlement the amount of said order was deducted by the said Darwin from the amount due from him to the defendant; that the order had never been returned, and that the debt had been paid as stated.

The order mentioned was in the words and figures following, to wit:  "$80.00.   Millston, Wis., March 12th, 1886. O. Darwin and P. S. Davidson: Please pay *Ignatz Schierl* eighty dollars and charge to account.   A. BAUMEL."

At the close of the trial the court directed a verdict in favor of the defendant, and from the judgment thereon the plaintiff appeals.

For the appellant there was a brief *C. R. Johnson* and *Bleekman, Tourtellotte & Bloomingdale,* and oral argument by *F. H. Bloomingdale.*

For the respondent there was a brief by *C. F. Ainsworth* and *Dwinnell & Waldo,* and oral argument by *G. E. Waldo.*

CASSODAY, J. .  Upon the trial the court held that the defendant had the affirmative of the issue presented.   Thereupon the defendant gave evidence to the effect that the plaintiff called upon him and requested payment of the amount of his bill; that he had not the money at the time, and thereupon informed the plaintiff that he had a contract with Darwin to get in logs for him from the land of Davidson; that there was a large amount due him upon the contract, and that he claimed a lien upon the logs

therefor; that the plaintiff then stated that if they owed the defendant anything he would accept an order from him upon them; that thereupon the order, of which a copy is contained in the foregoing statement, was drawn and signed by the defendant, and by him delivered to the plaintiff; that subsequently, and before the commencement of this action, the defendant settled with Darwin, and that in that settlement the amount of the order was charged up to the defendant, and credited and allowed to Darwin; that the order had never been returned or presented to the defendant, and that he never saw it after it was given until it was produced upon the trial by the plaintiff's attorney; that the defendant did not know whether Darwin and Davidson, or either of them, had ever, in fact, paid the order; that, May 28, 1886, the defendant commenced an action against Darwin and Davidson to enforce a lien upon such logs.

Thereupon the plaintiff gave evidence to the effect that at the time he received the order the defendant requested a receipt for the bill, but that the plaintiff refused to give it, saying he would accept the order and give a receipt when he got the money; that the plaintiff presented the order to Davidson, who told him he did not owe the defendant anything; that the plaintiff thereupon wrote the defendant, who replied by directing him to send the order to Darwin, who might pay it; that Darwin did not pay it for the reason that he had no money to pay it, but said he should get some money from Davidson; that the plaintiff never got any money on the order. The plaintiff offered in evidence the judgment roll in the lien suit mentioned, from which it appeared that the amount due the defendant, and for which he obtained judgment against Darwin and a lien therefor on the logs, after resistance of the same by Davidson, was $1,591.25. Testimony was also given, in behalf of the plaintiff, to the effect that in the fall of 1887 the defendant

stated to a workman that the plaintiff got nothing on his order, and would not, nor for his account; that the plaintiff caused the order to be presented to Darwin, but was unable to get any money upon it; that subsequently the witness, in behalf of the plaintiff, had a talk with the defendant about paying it. The court having then ruled that it was immaterial as to what the defendant said to such witness about paying the order, the plaintiff thereupon *offered* "to prove by the witness that at that time *he said he would pay the order*" to the plaintiff. Thereupon the plaintiff was recalled by his counsel, and testified to the effect that, a couple of days after he presented the order to Davidson and he refused payment, he wrote the defendant, and about two months afterwards saw him and told him.

The foregoing is the substance of the evidence upon which the court directed a verdict in favor of the defendant. The correctness of such ruling is the only question presented for consideration. Of course, for the purposes of this appeal, we must assume that the plaintiff could have proved by the witness who presented the order to Darwin that he subsequently talked with the defendant about paying it, and that the defendant then promised to pay the same to the plaintiff. If such promise, with the other evidence in the record, would have been sufficient to have required a direction in favor of the plaintiff, or to have carried the case to the jury, then such offer was improperly excluded, and the judgment must be reversed; otherwise affirmed.

In *Mehlberg v. Tisher*, 24 Wis. 607, the defendant, being indebted to the plaintiff on settlement for labor in a sum named, gave to the latter an order on third persons for the amount of such indebtedness, with direction to pay the sum named to the plaintiff and charge the same to the defendant. It appeared from the testimony that the plaintiff presented the order to the drawees for payment, but was

informed by them that "they had no money to pay it;" that the plaintiff thereafter never had any conversation with the defendant about the order. The suit was brought upon the account for the labor against the drawer of the order, as here. The plaintiff recovered in the trial court, but the judgment was reversed in this court. In the opinion of the court, by Dixon, C. J., it was in effect said: "The written instrument [described] was a bill of exchange. It is not essential to the validity of a bill of exchange that it should be made payable to order or bearer, or have the words 'value received,' or be payable at a day certain, or at any particular place. . . . The taking of a bill of exchange on a previous indebtedness of the drawer to the payee is *prima facie* payment of the debt. It is absolute payment, if the payee or holder, through his own negligence, . . . fails to present it within the proper time, or, presenting it, fails to give proper notice of its nonacceptance or nonpayment, in cases where such notice is required. . . . The bill here was presented for acceptance and payment, and both were refused; but no notice thereof was given to the defendant Tisher. This was a discharge of the debt sued upon, unless it can be shown that the case was one in which such notice was not required. The general rule is that notice must be given. To this rule there are some exceptions; one of which is where the drawer has no funds or effects in the hands of the drawee." It was then held that the attempt to bring the case within such exception was a failure, for the reason that the mere statement of the drawees, at the time the order was presented to them for payment, that "they have no money to pay it," "was no evidence to establish the fact" that the drawer had no funds or effects in their hands with which to pay it. That case has since been repeatedly sanctioned by this court. *Corbett v. Clark*, 45 Wis. 406; *Allan v. Eldred*, 50 Wis. 135, 136.

In the case at bar it appears from the undisputed evidence that at the time of giving the order, and for a long time thereafter, the drawees were indebted to the defendant in an amount several times in excess of the order; and that at the time of the defendant's settlement with Darwin the amount of the order was taken out, and credited to the latter, and charged up to the defendant. This was equivalent to funds in their hands to pay the order. *Mehlberg v. Tisher*, 24 Wis. 607; *Walker v. Rogers*, 89 Am. Dec. 348. There is no evidence as to the length of time after the plaintiff received the order before he presented the same to Davidson, nor when it was so presented. So there is no evidence tending to show how long after the plaintiff obtained the order before he caused the same to be presented to Darwin, nor how long after such presentation before the witness presenting the same talked with the defendant about paying it. There is no evidence that the defendant was ever told by the plaintiff or his witness or any one that the order had been presented to Darwin for payment, or that he had not accepted it or had refused to pay it. The only remaining question is, therefore, whether the plaintiff's failure to present the order for payment within a reasonable time after he obtained it, and his failure to give the defendant notice of nonpayment within a reasonable time thereafter, was waived, and the case brought within the exception to the general rule above quoted from the case cited, by the subsequent promise of the defendant to pay the order,— assuming that he did so promise.

It is well settled that where the drawer of a bill or indorser of a note has been discharged by the holder's laches, and then, with full knowledge of all the facts constituting such discharge, promises to pay the same, he thereby waives such laches and renders himself liable. *Thornton v. Wynn*, 12 Wheat. 183; *Matthews v. Allen*, 16 Gray, 594; *Third Nat. Bank v. Ashworth*, 105 Mass. 503; *Trimble v. Thorne*, 16

Johns. 152, 8 Am. Dec. 302, with notes; *Ross v. Hurd*, 71 N. Y. 14. It is equally well settled that where he makes such promise without such knowledge, he does not thereby waive such laches or render himself liable. *Low v. Howard*, 10 Cush. 159; *Kelley v. Brown*, 5 Gray, 108; *Fotheringham v. Price's Ex'rs*, 1 Am. Dec. 618; *Trimble v. Thorne, supra; Edwards v. Tandy*, 36 N. H. 540; *Tickner v. Roberts*, 30 Am. Dec. 706; *U. S. Bank v. Southard*, 17 N. J. Law, 473, 35 Am. Dec. 521; *Commercial Bank v. Perry*, 43 Am. Dec. 168; *New Orleans S. Bank v. Harper*, 43 Am. Dec. 226; *Hunt v. Wadleigh*, 26 Me. 271, 45 Am. Dec. 108; *Walker v. Rogers*, 40 Ill. 278, 89 Am. Dec. 348; *Freeman v. O'Brien*, 38 Iowa, 406; *Lilly v. Petteway*, 73 N. C. 358; 3 Rand. Com. Paper, § 1378; 2 Daniel, Neg. Inst. § 1149. Some of these cases go to the extent of holding that such promise is not binding, even where the promisor, at the time of making the same, knew that payment had not been demanded. *(Low v. Howard, supra);* or stated, at the time of making the promise, that he had no dependence on the party primarily liable to pay it, and understood the instrument was lying overdue, and had been expecting it would be sent on for collection before *( U. S. Bank v. Southard, supra);* or knew, at the time of making the promise, that the person primarily liable was insolvent *(Hunt v. Wadleigh, supra);* or had, prior to making the promise, requested further time for the benefit of the person primarily liable *(Lilly v. Petteway, supra);* or where the notice received by the promisor prior to making the promise was insufficient in law *(Trimble v. Thorne, supra).*

It is also well settled that the burden is upon the holder to prove such knowledge clearly and affirmatively. *Trimble v. Thorne, supra; Edwards v. Tandy, supra; Tickner v. Roberts, supra; Hunt v. Wadleigh, supra; Walker v. Rogers, supra; Freeman v. O'Brien, supra.*

There is a class of cases holding that such knowledge

may be presumed from such promise, unless it appears upon the trial wherein it is sought to charge such promisor, that the holder had in fact been guilty of laches prior to the time of making such promise. *Tebbetts v. Dowd,* 23 Wend. 379, and Freeman's notes thereon, 8 Am. Dec. 804; *Loose v. Loose,* 36 Pa. St. 538; *Moyer's Appeal,* 87 Pa. St. 129; 3 Rand. Com. Paper, § 1379, and cases there cited; 2 Daniel, Neg. Inst. § 1156, and cases there cited. This is manifestly upon the theory that such prior existence of laches rebuts such presumption of knowledge, since it is not likely that such drawer or indorser would, with knowledge that he had been discharged by the holder's laches, thereafter *voluntarily* renew his liability by making a new promise. In this case we are inclined to think the judgment may be sustained, upon the evidence in the record, even upon this theory. The letter written by the plaintiff to the defendant two days after having seen Davidson was not put in evidence; and no attempt was made to prove, or offer to prove, its contents. The plaintiff did not have his talk with the defendant until some two months thereafter. There is no pretense that the plaintiff or his witness presented the order to Darwin until some time after the plaintiff claims to have received a letter from the defendant directing him to send the order to Darwin for payment. There is no evidence, or offer to prove, that the defendant was ever informed as to what Darwin said when the order was presented to him. Certainly the laches of the plaintiff sufficiently appeared from the evidence in the case.

It follows that the mere offer to prove that the defendant promised to pay, without proving or offering to prove that such promise was made with knowledge of the facts constituting such laches, was properly rejected; and hence, upon the evidence in the record, the verdict was properly directed in favor of the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.