George Keidan v. William S. Winegar.

*Bills and notes—Agency—Parol evidence.*

In a suit by the payee against the maker of a promissory note, who affixed the word "agent" to his signature, the defendant may show by parol testimony that the paper is really that of his principal, who was the real party to the transaction, to the knowledge of the payee.

Error to Kent. (Adsit, J.) Argued March 10, 1893. Decided April 21, 1893.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Fletcher & Wanty,* for appellant.

*Earle & Hyde,* for plaintiff, contended:

1. We believe that counsel for defendant will not contend that, under the authorities, the note in suit, according to its terms and legal import, is not an obligation binding upon the defendant; citing *Tilden v. Barnard,* 43 Mich. 376.
2. The real question is whether evidence is admissible under the general issue to show that the defendant did not sign the note with the intention of binding himself, but did intend to bind his wife, and to show that he is not bound by his promissory note; and the case of *Rawlings v. Cole,* 67 Mich. 431, is sufficient authority for the exclusion of such testimony.
3. But, aside from the question of pleading, the testimony was incompetent to contradict or vary the terms of the written contract; citing *Tannatt v. Bank,* 1 Colo. 178, and cases cited; *Thomson v. Davenport,* 2 Smith, Lead. Cas. (8th ed.) 431 (note); *Roberts v. Austin,* 5 Whart. 313; *Savage v. Rix,* 9 N. H. 263; *Moss v. Livingston,* 4 N. Y. 208; *Fiske v. Eldridge,* 12 Gray, 474; *Insurance Co. v. Newhall,* 1 Allen, 130; *DeWitt v. Walton,* 9 N. Y. 571; *Hall v. Cockrell,* 28 Ala. 507; and the rule applies with peculiar force when negotiable instruments

are in question; citing *Stackpole v. Arnold*, 11 Mass. 27; *Slawson v. Loring*, 5 Allen, 340; *Titus v. Kyle*, 10 Ohio St. 444.

McGRATH, J.   Plaintiff had judgment upon the following promissory note:

"$336.96-100.      GRAND RAPIDS, MICH., Dec. 22, 1887.
"Ninety days after date, I promise to pay to the order of Geo. Keidan three hundred thirty-six and 96-100 dollars at the Old National Bank of Grand Rapids, Mich., value received, with interest at the rate of eight per cent. per annum until paid.

"W. S. WINEGAR, AGT."

Defendant, with his plea, filed an affidavit setting forth—

"That the note, a copy of which is attached to the declaration in said cause, and served upon said deponent with a copy of said declaration, is not the note of this deponent, defendant as aforesaid; and he denies the same and the execution thereof, and says that he, said defendant, is not indebted to said plaintiff upon said note, nor for any part thereof, nor is he indebted to said plaintiff in any sum whatever, nor in any manner whatever."

Upon the trial defendant offered to show that in 1884, before plaintiff had any dealings with defendant, plaintiff was informed that defendant was carrying on business as the agent of Maggie G. Winegar, and was not doing business for himself; that business relations were then established between plaintiff and said Maggie G. Winegar; that said business relations continued from the early part of 1884 to and including the year 1887, and embraced many transactions between plaintiff and Maggie G. Winegar; that many instruments were made between the parties, which were signed exactly as the note sued upon is signed, and that this form of execution had come to be recognized and adopted between the parties as binding Maggie G. Winegar; that during that time no business was transacted by the defendant in his individual capacity, and all the business done was that of his principal, and known

and understood to be such by plaintiff; that the said note was given and accepted as the obligation of Maggie G. Winegar; that the note was given for due-bills and goods furnished by plaintiff to Maggie G. Winegar, and such due-bills and goods were by plaintiff charged to said Maggie G. Winegar on the books of plaintiff; that the taking of these notes did not in the least change the character of the indebtedness; and that defendant never received any benefit or consideration for said note. The court refused to admit the testimony, and directed a verdict for the plaintiff.

The clear weight of authority is that the promise in the present case is *prima facie* the promise of William S. Winegar, and, as between one of the original parties and a third party, the addition of the word "agent" is not sufficient to put such third party upon inquiry. The question here, however, is whether, as between the immediate parties to the instrument, parol evidence is admissible to show the real character of the transaction.

In his excellent work on Agency, Mr. Mechem lays down the following general rules, which we think are sustained by reason and the weight of authority:

"I. Where the paper, on its face, is the undertaking of the agent only, no reference being made on its face to representative capacity, and where the paper, on its face, is unmistakably the principal's, parol evidence will not be received, in the one case to exonerate, and in the other to charge, the agent.

"II. But where the paper bears on its face some reference to a principal, or some appellation indicating representative character, while it is undoubtedly true that the mere addition of the word 'agent,' 'trustee,' 'treasurer,' and the like, or the mere recital in the body of the instrument that the person signing is such agent, treasurer, or trustee of a principal named or unnamed, is, as has been seen, to be regarded, *prima facie*, as *descriptio personæ*, merely, and not as characterizing the act as one done in a representative capacity; and while it is true, as a general

rule, that parol evidence is not admissible to exonerate an agent from a contract into which he has personally entered, —yet it is believed that the preponderance of authority will warrant the statement of the rule that—

"1. Between the immediate parties to a bill or note, parol evidence is admissible to show—

" *a*—That, by a course of dealing between the parties, that form of execution has become to be the recognized and adopted form by which the obligation of the principal is entered into; or—

" *b*—That the instrument was, to the knowledge of the parties, intended to be the obligation of the principal, and not of the agent, and that it was given and accepted as such.

" *c*—That an instrument which is so ambiguous upon its face as to render it uncertain who was intended to be bound was known to be intended to be the obligation of the principal." Mechem, Ag. § 443, and cases cited. See, also, 1 Amer. &. Eng. Enc. Law, 390, 391.

In *Metcalf v. Williams*, 104 U. S. 93, 98, Mr. Justice Bradley says:

"The ordinary rule, undoubtedly, is that if a person merely adds to the signature of his name the word 'agent,' 'trustee,' or 'treasurer,' etc., without disclosing his principal, he is personally bound. The appendix is regarded as a mere *descriptio personæ*. It does not of itself make third persons chargeable with notice of any representative relation of the signer. But if he be in fact a mere agent, trustee, or officer of some principal, and is in the habit of expressing in that way his representative character in his dealings with a particular party, who recognizes him in that character, it would be contrary to justice and truth to construe the documents thus made and used as his personal obligations, contrary to the intent of the parties."

In *Kean v. Davis*, 21 N. J. Law, 683, 687 (47 Amer. Dec. 182), Chief Justice Green says:

" The question is not, what is the true construction of the language of the contracting party, but, who is the contracting party? whose language is it? And the evidence is not adduced to discharge the agent from a personal liability which he has assumed, but to prove that in fact he never

incurred that liability; not to aid in the construction of the instrument, but to prove whose instrument it is.

"Now, it is true that the construction of a written contract is a question of law, to be settled by the court upon the terms of the instrument. But whether the contract was in point of fact executed, when it was made, where it was made, upon what consideration it was made, and by whom it was made, are questions of fact, to be settled by a jury, and are provable in many instances by parol, though even the proof conflicts with the language of the instrument itself."

In *Hicks v. Hinde*, 9 Barb. 528, where an agent drew a bill on his principal for a debt due from the principal to the payee, adding the word "agent" to his signature, and the payee knew that the drawer was authorized by his principal to draw the bill as his agent, and it was the understanding of all parties that the drawer signed only as agent, and not with a view of binding himself, it was held that the drawer was not personally liable on the bill.

To the rule that extrinsic evidence cannot be received to contradict or vary the terms of a valid instrument, there are many exceptions. As between the original parties, the consideration may be impeached; fraud or illegality in its inception may be shown. It may be shown that the note was delivered conditionally, or for a specified purpose, only; that it was made for accommodation, merely. And it has been held that if, by mistake, one party indorses before another, such mistake may be shown to relieve him from his apparent liability; that a party who indorses his name upon the back of a note may be maker or indorser, dependent upon parol proof as to when he placed his signature; that, although the legal effect of successive indorsements is to make the indorsers liable to each other in the order of time in which they signed their names, yet such legal effect may be rebutted by parol proof that all were accommodation indorsers, and,

by agreement among themselves, co-sureties; that the fact of a note being joint and several does not exclude proof that one of the signers was a surety, merely, and, where the creditor knew of the fact of suretyship, an extension of time, for a consideration, without the consent of such surety, released the surety. *Stevens v. Oaks,* 58 Mich. 343; *Farwell v. Ensign,* 66 Id. 600.

In *Hubbard v. Gurney,* 64 N. Y. 463, Chief Justice Church says:

"The contract was in all respects the same, whether the defendant was principal or surety. In either case it was an absolute promise to pay $1,000 one day after date; nothing more and nothing less. * * * The fact is collateral to the contract, proving simply the relation of the parties. It is an extrinsic circumstance, not affecting the contract made, but which operates, when knowledge of it is brought home to the creditor, to prevent him from changing the contract, or making a different one with the principal debtor, without the consent of the surety, or from releasing any security held for the payment of the debt. * * * The fact proved by extrinsic evidence, and that the creditor had knowledge of it, is as potent as if added to the name of the surety; and it is potent, not in varying the contract, but in imposing certain duties and obligations upon the creditor, in his subsequent dealings with the principal debtor in respect to the contract."

As is so often said, it is the intent of the parties which is to be carried out by the courts. The rule that rejects words added to the signature is an arbitrary one. Its reason is not so much that the words are not, or may not be, suggestive, but that they are but suggestive, and the instrument, as a whole, is not sufficiently complete to point to other parentage. The very suggestiveness of these added words has given rise to an irreconcilable confusion in the authorities as to the legal effect of such an instrument. Extrinsic evidence, therefore, is admissible in such case, between the immediate parties, to explain a suggestion con-

tained on the face of the instrument, and to carry out the contract actually entered into as suggested, but not fully shown, by the note itself. The presumption that persons dealing with negotiable instruments take them on the credit of the parties whose names appear should not be absolute in favor of the immediate payee, from whom the consideration passed, who must be deemed to have known all the facts and circumstances surrounding the inception of the note, and with such knowledge accepted a note containing such a suggestion.

In the case of *Tilden v. Barnard*, 43 Mich. 376, under a state of facts similar to those offered to be. shown here, it was held that defendants there were not liable.

We think that in the present case defendant was entitled to make the showing offered. Under the general issue, defendant was entitled to give in evidence any matter of defense going to the existence of any promise having legal force, as against him. 1 Shinn, Pl. & Pr. § 740.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.