135    479
138   ³581
 135   479
e152  ³439.

### STATE BANK OF ST. JOHNS v. McCABE.

1. BILLS AND NOTES — LIABILITY OF INDORSER — WAIVER OF DEMAND AND NOTICE.

   Failure to demand payment of a note and to give notice of nonpayment is waived by a subsequent promise by the indorser to pay the note, made with full knowledge of the facts releasing him from liability.

2. SAME—EVIDENCE—BURDEN OF PROOF.

   The burden of proof to show such knowledge is upon the plaintiff in an action on the note, but positive or direct evidence of knowledge is not necessary.

3. SAME—UNANSWERED LETTERS—ACQUIESCENCE.

   Statements contained in unanswered letters written to defendant by plaintiff relative to promises to pay the note are not evidence of acquiescence by defendant in the truth of the statements.

4. SAME—NEW PROMISE—MAKER'S ESTATE—ASSETS.

   It was competent for plaintiff's officers, who made the arrangement with defendant, to testify that they relied upon his promise to pay the note if the assets of the maker's estate were insufficient, and, in reliance thereon, presented the claim against the maker's estate.

5. SAME — PREMATURE COMMENCEMENT OF SUIT — TESTIMONY OF ADMINISTRATOR.

   Plaintiff's evidence being that defendant had promised to pay the note if the assets of the maker's estate were insufficient, testimony of the administrator that there were no assets to pay any of the debts of the estate was sufficient to show that the action was not prematurely brought.

6. BANKS AND BANKING — DEPOSITS — TRUST FUNDS — INDIVIDUAL INDEBTEDNESS.

   Where a bank deals with a depositor as a trustee, and recognizes funds standing in his name as trust funds, knowing them to be such, it cannot appropriate them to the payment of the trustee's individual indebtedness to the bank.

7. SAME.

   A bank is not bound to assume that a deposit standing in the name of its debtor as "trustee" is the individual property of such debtor.

Error to Clinton; Stone, J.   Submitted November 17,
1903.   (Docket No. 117.)   Decided January 26, 1904.

*Assumpsit* by the State Bank of St. Johns against
Houston D. McCabe on a promissory note.   From a judg-
ment for defendant on verdict directed by the court, plain-
tiff brings error.   Reversed.

This suit is based upon a promissory note, payable on
demand, for $700, dated December 30, 1898, made by J.
H. Fedewa to the order of the defendant, and indorsed
by him.   The declaration contained three special counts
besides the common counts.   Upon the trial the court
limited the cause of action to that stated in the special
counts.   With the general issue, defendant gave notice
(1) that he received no benefit from the note; (2) that he
became released as indorser because of the failure to
demand payment within a reasonable time, and that on
three occasions plaintiff had received interest and extended
time without defendant's consent.   Plaintiff gave evidence
to prove the following facts:   The execution and delivery
of the note; the death of the maker, Fedewa, January 27,
1901; that the defendant, the day after Fedewa's death,
stated that he was on this note, and that he had it secured;
that about two weeks afterwards defendant had a conver-
sation with the president and cashier of the bank, in
which defendant admitted his liability upon the note;
that he wanted the claim presented against Fedewa's
estate, and that, if there was not sufficient in the estate to
pay it, he would; that it was agreed that the bank would
present the claim, and wait until it was satisfied there was
nothing in the estate; that the claim was filed against the
estate, and was allowed; that in April, 1902, it was demon-
strated that the estate was insolvent; that it had no assets
with which to pay the debts; that on April 14th, the same
year, the cashier wrote defendant, informing him of his
promise, and that the estate was insolvent, and requested
payment; that to this letter defendant made no reply;

that two other similar letters were written by the cashier, on April 25th and May 27th, respectively, to which he made no reply. Thereupon this suit was instituted. The court, when the plaintiff had rested its case, directed a verdict for the defendant.

*Lyon & Moinet,* for appellant.

*Norton & Dooling,* for appellee.

GRANT, J. (*after stating the facts*). 1. Plaintiff did not seek to recover upon the liability of the defendant as an original indorser. It was conceded that at Mr. Fedewa's death the defendant had been released as an indorser by the laches of the plaintiff in making demand upon the maker and giving notice to the indorser. The court, in instructing the jury, so stated. Recovery was sought on the theory of a waiver of demand and notice, and a new promise made by the defendant, recognizing his liability, and agreeing to pay if the note was presented against Mr. Fedewa's estate, and its assets were insufficient. The court directed a verdict upon the ground that such new promise must be made with full knowledge of the facts which operated to release the indorser, that the burden of proof was upon plaintiff to show such knowledge, and that the plaintiff had failed to show it.

It is conceded that failure to demand payment and give notice is waived by a subsequent promise by the indorser to pay the note, when he makes such promise with full knowledge of the facts. *Porter* v. *Hodenpuyl,* 9 Mich. 11; *Newberry* v. *Trowbridge,* 13 Mich. 263; *Parsons* v. *Dickinson,* 23 Mich. 56; *Perkins* v. *Cheney,* 114 Mich. 567 (72 N. W. 595, 68 Am. St. Rep. 495); *Loose* v. *Loose,* 36 Pa. St. 538. See *Schierl* v. *Baumel,* 75 Wis. 69 (43 N. W. 724); *Low* v. *Howard,* 10 Cush. 159. The same principle was enunciated in *Sutton* v. *Beckwith,* 68 Mich. 303 (36 N. W. 79, 13 Am. St. Rep. 344), where it was held that the maker of a note purchased in reliance upon his statement that it was all right was estopped to assert its

invalidity. See, also, *Robinson* v. *Barnett*, 19 Fla. 670 (45 Am. Rep. 24), and *Continental Nat. Bank* v. *Nat. Bank of Commonwealth*, 50 N. Y. 575. The instruction that the burden of proof was upon the plaintiff is correct, and we do not understand that plaintiff's counsel contend to the contrary. There was evidence, however, from which the jury might find that the defendant knew the facts. He certainly knew that he had not received notice of demand and nonpayment, and that the note was unpaid, because immediately after the maker's death he stated that he had it secured, and asked plaintiff that it be presented against the maker's estate. The cashier testified that he and the defendant, at the time of the alleged promise, went over all Mr. Fedewa's indebtedness to the bank, and especially this note. Fedewa and defendant were near neighbors and intimate friends, and frequently visited each other. Positive or direct evidence of knowledge is not necessary. *Newberry* v. *Trowbridge, supra.*

2. The court properly excluded those portions of the three letters written by the cashier to the defendant stating the promise claimed to have been made. The authorities make a distinction between statements made orally and those contained in letters which are unanswered or not acted upon. In the former case, the party to whom statements hostile to his interest are made may with much reason be required to contradict, or be held to acquiesce in, their truth. In the latter case, he is not called upon to go to the trouble and expense of writing a denial, and silence cannot be construed into acquiescence in the truth of the written statements. *Com.* v. *Eastman*, 1 Cush. 189, 215 (48 Am. Dec. 596); *Learned* v. *Tillotson*, 97 N. Y. 1, 9 (49 Am. Rep. 508); *Fairlie* v. *Denton*, 3 Car. & P. 103; *Canadian Bank of Commerce* v. *Coumbe*, 47 Mich. 358 (11 N. W. 196). Those portions of the letters notifying him of the insolvency of the estate and requesting payment were admissible.

3. It was competent for the officers of the bank who made the arrangement with the defendant to testify that

they relied upon his promise, and in reliance thereon presented the claim against the maker's estate.

4. Counsel for the defendant insist that the action was prematurely brought, because the estate of Mr. Fedewa was not closed when it was brought. The testimony on the part of the plaintiff was not that the estate should be closed before defendant should be called upon, but that he wanted the estate exhausted, and, if there was not sufficient to pay, then he would. Plaintiff gave testimony from the administrator that there were no assets in his hands with which to pay any debts of the estate. Under plaintiff's statement of the agreement and of the condition of the estate, it had established a case upon this point.

5. One more point, in view of a new trial, remains to be disposed of. It was developed upon the trial that plaintiff had a deposit account standing in the name of "John H. Fedewa, Trustee," during the period of the existence of this note. The claim of the defendant is that the bank had a lien upon this deposit; that it was its duty to consider the note in the nature of a check, and appropriate enough of the deposit funds to pay it; that, failing to do this, the indorser is discharged. Whether it would have been the duty of the bank to apply the personal deposits of Mr. Fedewa, when it became due, we need not consider. The authorities seem to agree that deposits made prior to maturity cannot be held to meet the note when it matures, and also that deposits made after maturity do not affect the liability of the indorser. Only when the maker of the note has funds on deposit at the date of maturity may the bank treat the fact that the note is made payable at its bank in the nature of a check, and charge it up against the maker's deposit. Mr. Fedewa had no account standing in his individual name. The authorities are not agreed as to the legal duty of the bank in cases of individual deposits. Eaton & Gilbert, Com. Paper, § 106. Granting that plaintiff was, in law, obligated to apply individual deposits of Mr. Fedewa to the payment of the note, was it obligated to assume the responsibility of

determining at its peril that the deposits in the name of Mr. Fedewa as trustee were his own? If the bank knew that these were trust funds, and that they belonged to others, clearly it could not appropriate these funds in payment of a debt due to it. No authority cited in behalf of defendant so holds. Among the cases cited by the learned counsel to support their contention are *Fox* v. *Citizens' Bank & Trust Co.*, (Tenn.) 37 S. W. 1102, 35 L. R. A. 678; *Metcalf* v. *Williams*, 104 U. S. 93; *Keidan* v. *Winegar*, 95 Mich. 430 (54 N. W. 901, 20 L. R. A. 705); *Thomas* v. *Exchange Bank of Angus*, 99 Iowa, 202 (68 N. W. 780, 35 L. R. A. 379); *Laubach* v. *Liebert*, 87 Pa. St. 55; *McLain* v. *Wallace*, 103 Ind. 562 (5 N. E. 911).

In *Fox* v. *Citizens' Bank & Trust Co.* the suit was between the beneficiaries of the notes, payable to one Anderson as trustee, and the transferee of Anderson. It was held that "the fact that the notes appeared on their face to be payable to him as trustee would put the transferee on notice, and the claim of the beneficiaries would be superior."

In *Metcalf* v. *Williams* it is held that the addition to the signature of the word "Agent," "Trustee," "Treasurer," etc., does not release the agent from personal liability where the principal is not disclosed; the appendix being regarded merely as *descriptio personæ*. The court says:

"But if he be in fact a mere agent, trustee, or officer of some principal, and is in the habit of expressing in that way his representative character in his dealings with a particular party, who recognizes him in that character, it would be contrary to justice and truth to construe the documents thus made and used as his personal obligations, contrary to the intent of the parties."

Under the principle of this case, if the plaintiff dealt with Mr. Fedewa in the capacity of a trustee, and recognized the funds as trust funds, and knew that they were trust funds, certainly it could not appropriate them to the

payment of Mr. Fedewa's indebtedness to the bank. Under this claim on behalf of defendant, the bank must, at its risk, assume that its depositor is falsifying when he makes a deposit in his name as trustee, agent, treasurer, or county treasurer, etc., and assume that the property so deposited belongs to the depositor, instead of to the *cestuis que trustent* or principals. This cannot be the law.

In *Keidan* v. *Winegar* the maker of the note, who affixed the word "Agent" to his signature, was sued upon the note. It was held that he might show in defense that the note was that of his principal, the real party to the transaction, and that the payee had knowledge thereof.

None of the other cases cited are stronger than these three. In none of them did the question here involved arise. If the defendant could show that these funds in fact belonged to Mr. Fedewa, and that the bank knew it, then the question would arise as to whether the failure to so apply the funds operated as a discharge of the indorser, and whether he waived notice and demand with knowledge of that fact.

Judgment reversed, and new trial ordered.

The other Justices concurred.