*In re* FRENCH ESTATE.

FRENCH *v.* FRENCH.

1. BANKS AND BANKING—DEPOSITS—FIDUCIARY—JOINT CONTROL NOTICE.

It is immaterial whether signature of fiduciary on joint-control notice to savings bank bears abbreviation of his title where instrument itself is notice of the trust-fund nature of the deposit.

2. EXECUTORS AND ADMINISTRATORS—BANK DEPOSITS—ALLOWANCE OF ACCOUNT—EVIDENCE.

Allowance of administrator's final account crediting himself with claim against closed bank as undisposed-of asset *held*, proper as a matter of law, where evidence all shows savings account therein to have been treated as asset of estate and not administrator's personalty.

Appeal from Jackson; Simpson. (John), J. Submitted April 20, 1934. (Docket No. 120, Calendar No. 37,301.) Decided June 4, 1934.

In the matter of the estate of Marlin V. French, deceased. On petition of Henry C. French, administrator, for allowance of final account. Addie French, individually and as guardian of Ruth E. French and Ruby Lee French, minors, filed objections thereto. From order allowing account, objector appealed to circuit court. Directed verdict and judgment for appellee. Objector appeals. Affirmed.

*Whiting, Kleinstiver & Aubrey,* for appellant.

*James J. Noon* and *Norman E. Leslie,* for appellee.

NELSON SHARPE, C. J. The defendant, Henry C. French, was on August 20, 1930, appointed administrator of the estate of Marlin V. French, who died on July 14, 1930, leaving him surviving his widow, Addie French, and two minor children, Ruth E. French and Ruby L. French, of whom their mother was duly appointed guardian. The bond of the administrator in the sum of $5,000 was duly filed, with the Great American Indemnity Company as surety. It was executed by the company by C. J. Palmer under power of attorney.

The administrator received $4,200 in settlement of a claim against a railroad company, and on September 2, 1930, he filed in the probate court an inventory in which he stated that said sum was the only property of the estate. On October 3, 1930, he deposited this money in The Farmers & Workingmen's Savings Bank at Jackson in a joint savings account, No. 13349, in the names of "Henry C.

French'' and ''Bennett & Palmer.'' The bank ledger bears the notation, ''both signatures required,'' above the signatures of the parties. Bennett & Palmer was the name under which C. J. Palmer was doing business.

On the following day there was delivered to the bank, and its receipt acknowledged in writing by its cashier, what is called a ''joint-control notice,'' in which the bank was informed that the indemnity company had issued a bond to Henry C. French as ''fiduciary'' of the estate of Marlin V. French, and that by agreement between him and the company no check, draft or order for the payment of money by the fiduciary should be honored unless countersigned and approved by a representative of the company, and that the notice should remain in force until revoked in writing by the company. It was executed by the company by ''Bennett & Palmer,'' and under this signature appeared the following: ''I hereby confirm the foregoing joint-control arrangement. Henry C. French, adm. (or admr.).''

This agreement was entered into and notice given pursuant to 3 Comp. Laws 1929, § 12419, which reads as follows:

''That it shall be lawful for any party of whom a bond or undertaking is required, and whose surety thereon is such a company, to agree with such surety, for the deposit of any and all moneys and other depositable assets for which such surety is or may be held responsible, with a trust company, safe deposit company or bank, authorized by law to transact business as such in this State, if such deposit is otherwise proper, in such manner as to prevent the withdrawal of such moneys and assets or any part thereof, except with the written consent of such surety, or an order of the court made on such notice to them as such court may direct.''

The Farmers & Workingmen's Savings Bank closed its doors on January 23, 1931, and on February 11, 1931, the Jackson City Bank & Trust Company was appointed receiver of it on petition of the State banking commissioner.

On August 5, 1931, the administrator filed his final account, in which he charged himself with $4,200 and interest, $42, and credited himself with $67.75, disbursements. In it he stated that there remained undisposed of, "claim against Farmers and Workingmen's Bank now in hands of receiver, $4,242, less $424.20 (10 per cent.) paid by the receiver." He asked for assignment and distribution of the residue of the estate, and that he be discharged and the surety on his bond released from liability.

The plaintiff, widow of the deceased, and as guardian of the minor children, filed objection to its allowance, contending that the administrator was liable to account for the money received by him, less his disbursements. The account was allowed in the probate court and an appeal taken to the circuit court. On trial before a jury a verdict was directed allowing the account of the administrator and judgment entered thereon, from which this appeal has been taken. A motion for a new trial thereafter made was denied.

Stress is laid upon the claim that the abbreviation "adm." or "admr." which followed the signature at the bottom of the "joint-control notice" was not placed by him thereon at the time of its delivery to the bank. In the motion for a new trial counsel for the plaintiff submitted an offer to make further proof thereof if a new trial be granted. If this fact be treated as established, it would in no way lessen the effect of the instrument. The cashier of the bank, who acknowledged its receipt, was informed by

it that the money was deposited in the joint names of "Henry C. French" and "Bennett & Palmer," and that both signatures were required for its withdrawal, and was chargeable with knowledge of the trust-fund nature of the deposit. *State Bank of St. Johns* v. *McCabe,* 135 Mich. 479.

It appears that Henry C. French and C. J. Palmer as individuals filed proof of their claim under the deposit in the receivership proceedings. The amount so claimed was for "the balance due claimant on savings account No. 13349." The number of the account was the same as that under which the deposit was made and to which the "joint-control" notice applied. The attention of the receiver was thus called to the nature of the account and the check thereafter drawn and paid by it as a dividend was made payable "to the order of Henry C. French & C. J. Palmer," and indorsed by both of them. It seems clear that this deposit was at all times recognized as belonging to the estate, and not to the administrator personally.

The judgment allowing the account as presented and remanding the matter to the probate court is affirmed, with costs to appellee.

POTTER, NORTH, FEAD, WEIST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.