### LEONARD v. PIGGOTT.

1. MONEY LENT—ACTION—EVIDENCE—SUFFICIENCY.

In an action for money lent by plaintiff to defendant, the defense being that the money belonged to plaintiff's husband, since deceased, and had been repaid to him by defendant, evidence examined, and *held*, sufficient to go to the jury on the issue whether the money was owing to plaintiff.

2. EVIDENCE—LETTERS—ADMISSIBILITY.

In an action for money lent and for money received, evidence of the contents of letters written to defendant by plaintiff demanding payment may be received to show a demand, notwithstanding defendant's denial of their receipt, there being no claim by plaintiff that defendant's failure to answer them admitted liability.

3. MONEY LENT—ACTION—EVIDENCE— MATERIALITY — PREJUDICE.
   In an action for money lent, the defense being that the money
   belonged to plaintiff's husband, since deceased, and had been
   repaid to him, evidence as to whether the husband was owing
   any debts at the time of his decease, or had any children or
   other heirs, was immaterial, but its admission nonprejudicial.

4. WITNESSES—COMPETENCY—HUSBAND AND WIFE.
   In action for money lent, the defense being that the money
   belonged to plaintiff's husband, since deceased, and had been
   repaid to him, plaintiff could testify that the farm which pro-
   duced the money was hers, that its management was turned
   over to her by her husband, that she managed the farm, and that
   its proceeds were hers; such testimony is not prohibited by sec-
   tion 10213, 3 Comp. Laws, which prohibits a husband or wife
   to be examined as a witness for or against the other without
   consent.

Error to Clinton; Searl, J. Submitted February 19, 1908. (Docket No. 78.) Decided May 1, 1908.

Assumpsit by Margaret Leonard against Leonard J. Piggott for money had and received. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Walbridge & Kelley,* for appellant.

*William M. Smith,* for appellee.

Plaintiff, a widow, brought suit to recover money claimed to have been loaned by her to the defendant, her nephew, before the death of her husband, and also money which came into defendant's possession for her after his death. She recovered a verdict for $785.05. The items loaned before her husband's death consisted of $400 and $175, upon both of which plaintiff testified that defendant paid her interest for several years. Defendant admitted borrowing $400, but claimed that he borrowed it from plaintiff's husband without interest, and had repaid it to him. He denied the receipt of the $175. There was no dispute over the amount received after the death of the husband, except a few dollars which it is conceded de-

fendant paid for the plaintiff for which she testified that she gave him the money. The dispute over the transactions after the husband's death arose upon amounts claimed to have been paid by defendant for the plaintiff and certain items of offset.

There was a bank account in the bank at Fowler, standing in the name of Michael Leonard, the husband. Both he and his wife drew upon this account whenever each chose. Her husband was ill for five years before he died. He deeded the farm property to his wife reserving a life interest to himself. She testified that she ran the farm during these years, and that the receipts therefrom belonged to her, and that the money loaned to the defendant was hers.

GRANT, C. J. (*after stating the facts*). 1. Error is assigned upon the refusal of the court to instruct the jury that there was no competent testimony that plaintiff was the owner of the money deposited in the bank, or of any part of the $400 loan, and to direct a verdict for the defendant for that claim. The court instructed the jury that if they found that the defendant paid this $400 to the plaintiff's husband it was a valid payment whether the money belonged to her or her husband, and that the relations existing between plaintiff and her husband were such that he was authorized to receive the money though it belonged to the plaintiff, and the loan was in fact made by her. Under these instructions the jury could not have found a verdict for the plaintiff for this sum and interest without determining that the defendant had not paid it. It being determined that defendant has not paid this debt, it remains to determine whether he borrowed the money of the plaintiff. She testified positively that he did, and that the money which was deposited in the bank was hers though it stood in the name of her husband. The fact that it stood in his name is not conclusive of his ownership. There is very convincing evidence that defendant dealt with plaintiff, that the arrangement for the

money was made with her, that he recognized it as her debt by paying interest, and that she had as much control of the funds in the bank as did her husband. If the funds in the bank belonged to the husband and wife jointly, or to the husband alone, and he permitted his wife to take them and loan them as her own, that arrangement is no concern of the defendant. The court instructed the jury that she must show by a preponderance of evidence that the money was owing to her. The jury evidently found that it was. The testimony was in sharp conflict. The request was properly refused.

2. Evidence was introduced of the contents of certain letters claimed to have been written for the plaintiff (she being herself unable to write) demanding payment of the moneys involved in the suit. Counsel claim that this was error under *State Bank of St. Johns* v. *McCabe*, 135 Mich. 479. Defendant denied receiving these letters. The court limited evidence of their contents to the making of a demand. He instructed the jury that even if the defendant received the letters, he was not bound to answer them, and that his silence could not be taken against him in any way to establish the debt. He further instructed them that he admitted the contents of the letters for the sole purpose of showing that plaintiff made a demand upon him for the money. There is no claim in the record or in the briefs of counsel that the failure to answer these letters was argued to the jury as evidence of an admission of liability. There was no error in the ruling.

3. It was, of course, wholly immaterial whether the husband was owing any debts at the time of his decease, or whether he had any children, or other heirs. But we cannot even suppose that this had any influence with the jury upon the issue. This testimony might very properly have been rejected, but its admission was error without prejudice.

4. It was not error to permit the plaintiff to testify that she owned the property; that the management of the

farm was turned over to her by her husband; that she managed it, and that the proceeds were hers. Such testimony is not prohibited by section 10213, 3 Comp. Laws, which prohibits a husband or wife to be examined as a witness for or against the other without consent.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.